**Harold G. STEINER and Ollie Mae Steiner, Plaintiffs,**

v.

**George REISIMER, Defendant.**

No. 56-C-140.

United States District Court
E. D. Wisconsin.

Feb. 15, 1957.

Mitchell & Conway, Chicago, Ill., Harry J. Hayes, Milwaukee, Wis., for plaintiffs.

Edward G. Minor, U..S. Atty., M. Carr Ferguson, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This case is before the Court on the motion of the defendant to dismiss a complaint for an injunction. The complaint in question was filed by the plaintiffs, taxpayers, and asked that the defendant, as District Director of the Internal Revenue Service for the State of Wisconsin, be enjoined from making any tax assessments against the plaintiffs until the expiration of the 90 day period after notice of a determination of deficiency is mailed to the plaintiffs, and that certain levies, heretofore made by the defendant, be declared null and void. No answer has been filed by the defendant.

The grounds for dismissal urged by the defendant are as follows: that this suit is prohibited by Section 7421 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421 that the Court is without jurisdiction over the subject matter of the action; that the complaint fails to state facts upon which relief can be granted; that waivers of restrictions on assessment and collection of deficiency in tax were executed by the plaintiffs; and that the plaintiffs have an adequate remedy at law.

After considering the contents and allegations of the complaint filed herein and the arguments of counsel, it is the opinion of the Court that, basically, three issues are presented for decision. First, does the conditional waiver of restrictions, executed by the plaintiffs, relieve the defendant from the duty of sending a 90 day notice before assessment and collection of deficiencies? Second, have

the plaintiffs failed to state facts upon which relief can be granted? Third, does this Court have jurisdiction to enjoin the District Director according to the terms of the relief prayed for, and to declare certain levies null and void?

The complaint alleges that the plaintiffs executed two 870 Agreements, which were entitled "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax". The executed documents were offers in compromise, which were never accepted by the Commissioner. The documents contain a typed restriction which reads as follows:

"This waiver of restrictions is subject to acceptance by the Commissioner on the basis of the settlement hereinbefore proposed, and if not accepted, it will be of no force or effect."

It is alleged, and such allegation is not contested by the defendant, that no 90 day notice of deficiency was ever sent to the plaintiffs; that despite that fact, the Director has levied upon certain bank deposits of the plaintiffs.

It is the defendant's position that the fact that the defendant has actually levied upon property of the plaintiffs indicates an acceptance of the Form 870 Agreements, including the conditional waivers contained thereon.

Plaintiffs contend that this Court may enjoin the action of the defendant, because defendant has not complied with the provisions of Title 26 U.S.C.A. §§ 7421 and 6213. Section 7421(a) provides:

"Except as provided in sections * * * 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Section 6213 provides, in substance, that no assessment of a deficiency shall be made or prosecuted until 90 days after a notice of deficiency has been mailed to the taxpayer. This section provides that the making of such an assessment, during the time such prohibition is in force, may be enjoined by a proceeding in the proper court.

The waivers of restrictions executed by the plaintiffs are clearly conditioned upon the acceptance by the Commissioner of an offer of settlement. Since the Commissioner did not accept the waivers of restrictions, the legal effect would seem to be the same as if the plaintiffs had never executed a waiver of any kind. Under these circumstances the Commissioner is obligated to send a 90 day notice of deficiency, so that the taxpayer has an opportunity to go before the Board of Tax Appeals for a redetermination of his deficiency.

The defendant has made no showing that he has the authority to accept a Form 870 Agreement on behalf of the Commissioner. But even if he has in fact such authority, this Court doubts that the mere act of levying would be a sufficient form of acceptance to conform to the terms of the conditional waiver of restrictions executed by the plaintiffs.

The facts of the present case somewhat parallel those considered in Ventura Consolidated Oil Fields v. Rogan, 9 Cir., 1936, 86 F.2d 149. In that case the taxpayer had signed a waiver of restrictions, which was never accepted by the Commissioner. The Commissioner thought that the unaccepted waiver was a waiver of the 60 day period then in force, and assessed taxes. The Court held that this procedure deprived the taxpayer of the remedy of going to the Board of Tax Appeals. The Court further stated that there was no reason to believe that the taxpayer agreed to waive his administrative review if his order of compromise were rejected.[1]

The Court is of the opinion that the cases cited by the defendant are highly distinguishable. But for the sake of brevity, it shall not comment on them.

As to the second issue presented for decision, it was stated in 2 Moore, Federal Practice, No. 12.08:

---

1. As to the general validity of Form 870 Agreements, see Davidson v. United States, D.C.1944, 58 F.Supp. 481.

"For the purposes of the motion, the well pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted. A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim * * * But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proven in support of the claim."

This Court, after study of the complaint, cannot say that the plaintiffs are entitled to no relief under any state of facts which could be proven in support of their claim.

It is the opinion of the Court that it has jurisdiction of this action under the provisions of Title 26 U.S.C.A. § 6213(a).

For the foregoing reasons, the motion of the defendant is denied.