Harold G. STEINER and Ollie Mae
Steiner, Plaintiffs,

v.

George REISIMER as District Director,
United States Treasury Department, Internal Revenue Service for the State
of Wisconsin, Defendant.

No. 56–C–140.

United States District Court
E. D. Wisconsin.

June 20, 1957.

Robert J. Downing, Chicago, Ill., Harry J. Hayes, Milwaukee, Wis., of counsel, for plaintiffs.

Edward G. Minor, U. S. Atty., and Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

Plaintiffs brought this action to enjoin the defendant from assessing or collecting additional taxes for three specified years until the expiration of the 90-day period after notice of a determination of deficiency is properly mailed to the plaintiffs. The plaintiffs further prayed that certain levies heretofore made by the defendant be declared null and void.

The complaint alleged that in a dispute over tax liability the Internal Revenue Service prepared Forms 870M, entitled "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax", for the signature of the plaintiffs; that the plaintiffs disputed at all times the alleged tax claimed and described on Forms 870M; that the plaintiffs signed the Forms 870M and delivered them to the defendant on the express condition that plaintiffs be permitted to make an offer in compromise for the alleged tax liability set forth in said forms and that if said offer in compromise

was not accepted, then the Forms 870M were to be of no force and effect; that two offers in compromise were submitted thereafter and both of them were rejected by the defendant; that the Commissioner has never notified the plaintiffs of any acceptance of the Forms 870M, and that the plaintiffs have never received any notice of deficiency; that despite the Commissioner's failure to accept the Forms 870M, defendant has caused levies to be made against the plaintiffs based on the waivers contained in the Forms 870M.

On the 15th of February, 1957, this court denied the motion of the defendant to dismiss the complaint, D.C., 148 F. Supp. 192. After the defendant filed his answer, the plaintiffs brought this motion for summary judgment based upon the pleadings, admissions of counsel and the affidavits filed in support of and in opposition to the motion.

It is the position of the defendant that there are two issues of fact in the case and that summary judgment should not be granted. The two alleged issues of fact are as follows:

(1) Did the District Director have authority to accept a Form 870M agreement on behalf of the Commissioner?

(2) Did the notice allegedly sent to the taxpayers constitute an acceptance of the Form 870M agreements signed by the plaintiffs?

With reference to the first issue, counsel for the defendant admitted that the Forms 870M in question were never sent to the Commissioner and that the Commissioner never personally accepted them. It appears to the court that this issue is essentially a matter of law, that is, whether any statutes or regulations show delegation of authority from the Commissioner to the defendant in the matter of accepting Forms 870M. It is doubtful that a trial could develop anything in an evidentiary sense with reference to cited statutes and regulations. Once pertinent statutes and regulations are submitted for the consideration of the court, the question of delegation of authority becomes a matter of interpretation of the language used. The only dispute would be as to the meaning of statutes and regulations.

The defendant has cited several statutes and regulations which he claims show that he has authority to accept a Form 870M agreement. The first cited section is 26 U.S.C.A. § 6201 which states:

"The Secretary or his delegate is authorized and required to make the inquiries, determinations, and assessments of all taxes * * * imposed by this title, * * *

"The Secretary or his delegate shall assess all taxes determined by the taxpayer or by the Secretary or his delegate as to which returns or lists are made under this title."

The court assumes that the power to assess taxes has been delegated to the District Directors. But nowhere in this section is power given to act on behalf of the Commissioner in accepting a Form 870M agreement.

The next section is 26 U.S.C.A. § 6213. This section prescribes that 90-day letters must be sent to a taxpayer before an assessment of a deficiency can be made or before court action can be instituted. Subsection (d) provides that the taxpayer may waive the restrictions on assessment and collection of taxes.

The defendant has also cited 26 C.F.R. 601.203 (1955), which provides:

"(1) Under section 7122 of the Code the Commissioner may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense. Certain functions of the Commissioner with respect to compromises of civil cases *involving liability under $500* have been delegated to district directors of internal revenue. * * * In civil cases involving liability of $500 or over * * * the functions of the General Counsel are performed by the Chief Counsel for the Internal Revenue Service."

Subsection (c) of subsection (2) of said section provides:

"(1) An offer in compromise is first considered by the district director with whom the offer is filed. An internal revenue agent, after investigation of the financial condition of the taxpayer, makes a written recommendation for acceptance or rejection of the offer. If the district director has jurisdiction over the processing of the offer he will—

"(i) Reject the offer, or

"(ii) Accept the offer if it involves a civil liability under $500, or

"(iii) Recommend to the National Office the acceptance of the offer *if it involves a liability of $500 or over.*"

Subsection (3) of said section provides:

"If an offer other than one accepted by the district director is considered acceptable by the office having jurisdiction over the offer, a recommendation for acceptance is forwarded to the Audit Division in the National Office for review. If the Audit Division approves the recommendation for acceptance, the offer is forwarded to the Office of the Chief Counsel for approval. After approval by the Office of the Chief Counsel, *it is forwarded to the Commissioner for acceptance. The taxpayer is notified of the acceptance of the offer in accordance with its terms.* Acceptance of an offer in compromise of civil liabilities does not remit criminal liabilities, * * "
(Emphasis supplied in each subsection)

This regulation, far from supporting the defendant's position, appears to be the best authority for holding that the District Director does not have the power to accept the Form 870M agreements in question. The regulation provides that if the settlement figure is over $500, the District Director must forward the offer to the proper authorities.

It is the decision of this court that the defendant has failed to show that the Commissioner has delegated to him the power to accept the Forms 870M in question.

Some of the facts in this action as they appear in the allegations and affidavits are in conflict. The court does not believe, however, that the outcome of disputed facts could make any change in its decision whether the facts be construed in favor of the defendant or in favor of the plaintiffs. The plaintiffs allege that they signed the Forms 870M on the express condition that they be permitted to make an offer in compromise and that if such offer were rejected that the waivers would be of no force and effect. It has not been disputed that two offers of compromise were rejected subsequent to the signing of the Forms 870M. Thus, if the plaintiffs' allegations be accepted as true, the defendant may not take advantage of the waivers contained in the Forms 870M.

If the plaintiffs' allegations are rejected, then the allegations of the defendant are to be taken as true.

The defendant alleges that a notice of acceptance (consisting of a Form 892 and an audit) was sent to the plaintiffs on October 22, 1954. That notice was sent from the office of the District Director. The alleged notice of acceptance contained on Form 892 can be of no force and effect since the defendant has shown no authority to accept a Form 870M agreement on behalf of the Commissioner.

The defendant contends further that the Forms 870M were not offers in compromise, but were merely waivers of restrictions; that the agreements reflected therein were merely as to the amount of tax to be assessed. The court has studied the Forms 870M which contain the waivers. The waivers are clearly conditioned:

"This waiver of restrictions is subject to acceptance by the Commissioner on the basis of the *settlement hereinbefore proposed* and if

not accepted, it will be of no force or effect.

"If this *proposal* is accepted, the taxpayer agrees not to file thereafter any claim for refund for the year(s) * * * ; and upon request of the Commissioner, will execute at any time a final closing agreement under the provisions of section 3760 of the Internal Revenue Code [26 U.S. C.A. § 3760]." (Emphasis supplied)

The Forms 870M do not support the claim of the defendant that the agreements went merely to the amount of the tax to be assessed. The above-quoted paragraphs show that the waivers were subject to a "settlement hereinbefore proposed". The plaintiffs went on to agree that "if this proposal is accepted * * * (they would) execute at any time a final closing agreement * * *". (Parenthesis supplied.)

It is the further decision of this court that the Forms 870M are clear and unambiguous on their face and that parol testimony can not be allowed to vary their terms. The Forms 870M are offers of compromise according to their terms. And since the defendant has not shown any authority to accept them on behalf of the Commissioner, they are of no force or effect.

■ The second alleged issue of fact can have no bearing on the outcome of this case in view of the court's decision on the first alleged issue of fact. Nevertheless, the second issue was argued by the defendant and the court wishes to discuss all the arguments and contentions of the parties. For the purposes of the second alleged issue of fact, the court will assume that Form 892, together with an audit, was sent to the plaintiffs, and that it was received by the plaintiffs. The court will further assume, on this question, that the District Director has the authority to accept a Form 870M agreement. In the light of the assumed facts, either the notice sent to the plaintiffs was legally sufficient to bind the Commissioner and give notice of acceptance to the plaintiffs or it was not. That question is a matter of interpretation of legal effect.

Form 892 states in part:

"* * * You have indicated your agreement to the adjustment of tax liability shown in the report.

"The item checked below explains briefly how settlement of the agreed tax liability will be accomplished."

This Form 892 notice nowhere mentions the District Director; it does not mention the Commissioner; and it makes no mention of any Form 870M agreements. The court does not believe that Form 892, coupled with the act of assessment, constitute a sufficient acceptance of the plaintiffs' Forms 870M. There is no indication that Form 892 could in any way bind the Commissioner to an acceptance of the conditions contained in the Forms 870M.

■ It was further contended by the defendant that the circumstances surrounding the signing of the Form 870M waivers are material and that he should be allowed to present evidence on the circumstances. Defendant cited Girard v. Gill, 1957 C.C.H. Par. 9584 (C.A.4) to support his contention. That case involved a much different situation. The Girard case involved one of six related tax matters. Forms 870M were signed by the taxpayer subject to acceptance by or on behalf of the Commissioner. In the five other matters notice of acceptance was given to the taxpayer, but no notice of acceptance was given, except inferentially, in the Girard case. The court stated:

"We need not reach the question as to whether notice of acceptance is mandatory for, under the circumstances of this case, we think *the taxpayer is not in a position to raise the point,* having availed himself of the benefit of refunds in the cases which were *handled as a unit with the instant case.* We think it fair, moreover, to consider that these taxpayers actually had, *in the particular circumstances, ample notice of the acceptance* of their offer in this

case in view of its relationship to the remaining cases of the group."

The court does not believe that a study of the circumstances could make any difference in the outcome of this case. The circumstances could not affect the sufficiency of any alleged acceptance. The court has held that defendant did not show authority to accept the Forms 870M and thus the circumstances of the signing of the agreements can not change the outcome of this case.

For the foregoing reasons, plaintiffs' motion for summary judgment is granted. Counsel for the plaintiffs is directed to draw up an appropriate injunction and such further order as will assure plaintiffs of the relief asked in the complaint.