Harold G. STEINER and Ollie Mae
Steiner, Plaintiffs,

v.

Emil J. NELSON, as District Director,
United States Treasury Department, In-
ternal Revenue Service for the State of
Wisconsin, Defendant.

No. 56–C–140.

United States District Court
E. D. Wisconsin.

Dec. 1, 1961.

Robert J. Downing, Chicago, Ill., for
plaintiff.

James B. Brennan, U. S. Atty., Mil-
waukee, Wis., for defendant.

GRUBB, District Judge.

There is before the court in this action
a motion by the defendant to dismiss
this action and a motion by the plaintiffs
for an order directing the defendant to
pay interest on the item of $19,271.41
which was refunded to plaintiffs as hav-
ing been obtained through illegal assess-
ment.

This litigation has a long history. The
action was brought to enjoin an illegal
income tax assessment. The then de-
fendant (defendant Nelson's predecessor
in office) made a motion to dismiss the
complaint. This motion was denied.
Steiner v. Reisimer, D.C., 148 F.Supp.
192 (1957). Thereafter plaintiffs moved
for summary judgment, which motion
was granted—D.C., 151 F.Supp. 849
(1957). This judgment was affirmed in
Steiner v. Nelson, 259 F.2d 853 (7th Cir.
1958).

After remand, the plaintiffs brought a
motion against defendant Nelson for
contempt of court. Defendant Nelson
and one Roberts were found to be in con-
tempt of court and each fined $400.00.
This judgment was affirmed—279 F.2d
944 (7th Cir. 1960). Thereafter these
amounts plus taxable costs were paid to
plaintiffs.

Plaintiffs demanded interest on
the $19,271.41 item, which demand was
denied; hence, plaintiffs' motion. De-
fendant having paid the contempt judg-
ment plus taxable costs, and plaintiffs
having refused to stipulate that the ac-
tion be dismissed, defendant brought his
motion.

Plaintiffs rely upon 26 U.S.C.A. § 6611,
and 28 U.S.C.A. § 2411. These sections
both relate to interest on overpayment
in respect to any internal revenue tax.
The cases decided under these statutes
are ordinary tax refund suits in which
there is a determination by the court or
by the Commissioner of Internal Revenue
that the taxpayer had paid more than was
owed and was entitled to a refund with
interest.

In this action this court did not de-
termine that there was any such over-
payment of tax. The court determined
that there was an illegal levy and grant-
ed the only relief asked for; namely, an

injunction against future illegal levies and return of the money already obtained on an illegal assessment. There was no determination and no issue as to whether plaintiffs had overpaid their taxes.

■ No case has been cited or found wherein it is held that a plaintiff, a taxpayer, is entitled to interest in a proceeding such as this one. It is the general rule that the government is not liable for interest in the absence of contract or congressional enactment so providing. Dresser v. United States, 180 F. 2d 410 (10th Cir. 1950).

Plaintiffs also rely upon the colloquy in court at the time the $19,271.41 item, obtained on an illegal assessment, was returned. The question of interest was raised and government counsel stated that it " * * * can be handled administratively, as the case may be, up and down as the law may require." This does not, in the judgment of the court, indicate any commitment or promise on behalf of the government, and there is no showing that counsel had any power or right to commit the government to payment of interest for which it was not otherwise legally liable. There is no showing that plaintiffs' position was in any way changed in reliance on the statement. Furthermore, the question of interest had not been brought up either in this court or in the court of appeals. The judgment of this court, affirmed by the court of appeals, and the mandate of the court of appeals are silent on the question of interest.

Defendant, in his motion to dismiss, relies upon the well-settled rule that an inferior court cannot alter or modify its judgment by providing for interest after the original judgment, which did not provide for interest, has been affirmed by the appellate court. Plaintiffs' counsel seeks to distinguish the line of cases relied upon by defendant in his brief on the ground that they are not tax cases. Plaintiffs' counsel cites 26 U.S.C.A. § 6611, above referred to, and the case of Girard Trust Company v. United States, 270 U.S. 163, 46 S.Ct. 229, 70 L.Ed. 524 (1926).

In the Girard case, plaintiffs filed a claim for refund of taxes overpaid. The Commissioner determined there was an overpayment and allowed the refund. That is not the situation here. In this action no interest was demanded in the pleadings or provided for in the judgment which was affirmed on appeal. As stated in Rice v. Eisner, 16 F.2d 358 (2d Cir. 1926), at page 361:

" * * * The complaint did not ask for interest upon the sum which the Commissioner of Internal Revenue refunded before suit brought, nor was there a motion to amend the pleading during the trial. That would in our judgment be final in any case, * * *."

Based upon the foregoing,

It Is Hereby Ordered that plaintiffs' motion for an order directing the defendant to pay interest be and it hereby is denied.

It Is Further Ordered that defendant's motion to dismiss this action be and it hereby is granted, and this action is hereby dismissed.