**Harold G. STEINER and Ollie Mae Steiner, Plaintiffs-Appellees,**

v.

**Emil J. NELSON, as District Director, United States Treasury Department, Internal Revenue Service for the State of Wisconsin, Defendant-Appellant.**

No. 12274.

United States Court of Appeals Seventh Circuit.

Oct. 16, 1958.

Charles K. Rice, Asst. Atty. Gen., Grant W. Wiprud, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Milwaukee, Wis. (Lee A. Jackson, I. Henry Kutz, S. Dee Hanson, Attys., Dept. of Justice, Washington, D. C., Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., on the brief), for appellant.

William M. Ward, Chicago, Ill. (Robert J. Downing, Chicago, Ill., on the brief;

Mitchell & Conway, Chicago, Ill., of counsel), for plaintiffs-appellees.

Before FINNEGAN, SCHNACKENBERG and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

In this case, during the hearings below, government counsel representing the defendant-appellant, District Director, conceded that Form 870M, U.S. Treasury Department, "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax" was "not accepted personally by the Commissioner in Washington," and "As a matter of fact, although it does not appear from the record . . . [counsel] would concede that this waiver was not forwarded to the Commissioner in Washington. It was acted on, accepted, and the assessment based upon that acceptance was made by the defendant in this action."[1] The "90-day letter," or statutory notice, mandated by I.R.C.1939, § 272,[2] as amended, was not sent to the taxpayers, Harold G. Steiner and Ollie Mae Steiner, his wife. Acting under I.R.C.1954, § 6213, 26 U.S. C.A. § 6213 (formerly § 272(a), I.R.C.

---

[1]. Transcript of proceedings, February 5, 1957, at page 6.

[2]. "* * * (a) (1) [As amended by Section 203(a) of the Act of December 29, 1945, c. 652, 59 Stat. 669] Petition to the Tax Court. If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court * * * for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Board, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court. In the case of a joint return filed by husband and wife such notice of deficiency may be a single joint notice, except that if the Commissioner has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, duplicate originals of the joint notice must be sent by registered mail to each spouse at his last known address * * *

"(d) Waiver of Restrictions. The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restriction provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency." 26 U.S.C.A. § 272.

1939) the defendant District Director proceeded to make levies on taxpayers' property and they filed a complaint for injunction in the district court seeking to have defendant, and other Revenue Department officials, enjoined "from making, beginning or prosecuting any distraint or proceeding in court or from issuing any summonses, subpoenas or levies for the collection of the taxes allegedly due the United States Government for the year 1945 from Harold G. Steiner, one of the plaintiffs herein for the years 1946 and 1947 from Harold G. Steiner and Ollie Mae Steiner, plaintiffs herein, until the expiration of the 90-day period after notice of a determination of deficiency is properly mailed in the manner set forth and within the time limited by the appropriate provisions of the Internal Revenue Code to the Plaintiffs by the Commissioner of Internal Revenue, or, if a petition is filed with the Tax Court, until the decision of the Tax Court may become final," and plaintiffs further prayed: "that the levies heretofore made by the Defendant herein pertaining to the collection of alleged income tax due from the Plaintiffs pertaining to the years 1945, 1946 and 1947 be declared null and void and to take such action as is necessary to release any and all of said levies and to return to Plaintiffs any and all monies collected pursuant to said illegal levies."

The Director's motion to dismiss taxpayers' complaint for injunction was overruled by an opinion reported below as Steiner v. Reisimer, D.C.Wis.1957, 148 F.Supp. 192, in which the district judge concluded there was jurisdiction under 26 U.S.C. § 6213(a), and that 26 U.S.C. § 7421 would not, under the relevant facts, bar injunctive relief. After his motion was denied the Director filed an answer to the complaint and taxpayers moved for summary judgment, supporting their motion with affidavits. Counter-affidavits were interposed by the Director who has appealed from the order of summary judgment for taxpayers entered July 10, 1957, as well as from an order refusing amendment of the order granting permanent injunction.[3]

Exhibits "A" and "B", attached to the complaint, are two U. S. Treasury Department Forms 870M. It is undisputed that Harold G. Steiner signed Exhibit A and he and his wife each, respectively, signed Exhibit B. Moreover, it is admitted that government conferee Steers directed the insertion of typewritten paragraphs, indicated below, on these forms before they were mailed out to these taxpayers. For convenience we show a composite of these two exhibits since they are identical save for the lines indicated "A" and "B".

"In re: Harold G. Steiner, Mauston, Wisconsin. O:A:OA–1
DCS–2

"Waiver Of Restrictions On Assessment and Collection Of Deficiency In Tax

"Pursuant to the provisions of Section 272(d) of the Internal Revenue Code, and/or the corresponding provisions of prior internal revenue laws, the restrictions provided in 272(a) of the Internal Revenue Code, and/or the corresponding provisions of prior internal revenue laws, are hereby waived and consent is given to the assessment and collection of the following deficiency or

---

3. In its order denying defendant's motion to amend the order entered October 21, 1957 granting the permanent injunction the trial court provided: "It Is Hereby Ordered that the motion to modify the Order Granting Permanent Injunction be and the same is hereby denied for the reason that there is nothing in the injunction order dated July 10, 1957, intended to prevent the Government from making any valid assessment it may make starting over, not following through on the invalid one. With that understanding, the defendant's motion will be denied without costs and without prejudice."

deficiencies in income tax and/or excess profits tax, and penalty or penalties, together with interest on the deficiency in tax as provided by law:

[Per Exhibit "A"]

| "Year | Deficiency | 50% Penalty | Addition Section 294(d)(1)(A) | Addition Section 294(d)(2) |
|---|---|---|---|---|
| 1945 | $15,447.95 | $7,723.98 | | $926.88 |

\* \* \* \* \* \* \* \* \*

[Per Exhibit "B"]

| "Year | Deficiency | 50% Penalty | Addition Section 294(d)(1)(A) | Addition Section 294(d)(2) |
|---|---|---|---|---|
| 1946 | $77,361.33 | $38,680.66 | —— | $4,641.68 |
| 1947 | 60,212.05 | 30,106.03 | $6,239.41 | 3,612.72 |
| Totals | $137,573.38 | $68,786.69 | $6,239.41 | $8,254.40 |

\* \* \* \* \* \* \* \* \*

[Typewritten Material]

"This waiver of restrictions is subject to acceptance by the Commissioner on the basis of the settlement hereinbefore proposed and if not accepted, it will be of no force or effect.

[Typewritten Insert]

"If this proposal is accepted, the taxpayer agrees not to file thereafter any claim for refund for the year 1945: and upon request of the Commissioner, will execute at any time a final closing agreement under the provisions of section 3760 of the Internal Revenue Code [26 U.S. C.A. § 3760].

[Signature Lines Omitted]

\* \* \* \* \* \* \* \* \*

Date: September 7, 1954.

By ............, ............

"Note.—The execution and filing of this waiver at the address shown in the accompanying letter will expedite the adjustment of your income tax liability as indicated above. It is not, however, a final closing agreement under section 3760 of the Internal Revenue Code and does not, therefore, preclude the assertion of a further deficiency in the manner provided by law should it subsequently be determined that additional tax is due, nor does it extend the statutory period of limitation for refund assessment, or collection of the tax.

"If this waiver is executed with respect to a year for which a joint return of a husband and wife was filed, it must be signed by both spouses, except that one spouse may sign as the agent for the other.

"Where the taxpayer is a corporation, the waiver shall be signed with the corporate name, followed by the signature and title of such officer or officers of the corporation as are empowered to sign for the corporation, in addition to which the seal of the corporation must be affixed."

In this instance, the government insists on a chance to explain away its own admission that the Commissioner simply did not accept the waivers. To aid its contention that summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C., was improper, the Director refers to various factual questions he claims roam widely over the intellectual terrain objectified by the pleadings and affidavits. Defendant's theme is summarized in his brief, at one place, by this passage: "The Director claims that under the record circumstances he is entitled to a trial and to be allowed to offer oral and written evidence to show that the waiver here was under its terms effective and the Government had evidenced sufficiently that the assessments would be in the amounts stated in the Forms 870M 'on the basis of the settlement hereinbefore proposed' * * at the conference between Steers and taxpayer and his representatives." But this ignores one of the outstanding aspects of the case and dominating the proceedings below when the following colloquy occurred:

"The Court: Wait a minute. We are talking about the authority of the District Director or his nominees to accept, and what I am trying to get from you is what issue of fact is there on that as opposed to legal questions.

"Mr. Dealy [Counsel for Defendant]: Well, your honor, the fact is, as I see it, whether or not the authority has been delegated.

"The Court: All right. Isn't that a legal question? You are relying upon statutes—

"Mr. Dealy: And regulations.

"The Court: And there is no testimony that you could offer over and above that?

"Mr. Dealy: That is probably true, your honor.

"The Court: You will stand on the statutes and regulations?

"Mr. Dealy: That is right.

"The Court: That's a legal question, isn't it?

"Mr. Dealy: The testimony, however, could cover the procedures of the Service and what is done and generally relied upon.

"The Court: Now, wait a minute. If the Service customarily does something that's illegal, that doesn't make it legal, the fact that they do it. If the Service does something that the law doesn't permit them to do, doesn't give them power to do, that's a nullity. We can't decide a case on the basis of that.

"Mr. Dealy: I believe, your honor, the law has long held that long standing custom of operations, and especially of administrative agencies, can be sanctioned by the Commissioner if not specifically changed.

"The Court: Of interpretation. You can't do something that's illegal and make it legal by doing it, can you?

"Mr. Dealy: We have had no showing here, your honor, from the taxpayer that this is illegal.

"The Court: Getting back to the question of whether you have any fact issue on that question,—

"Mr. Dealy: If your honor wishes to treat it as a legal issue, the Government will abide by that decision.

"The Court: I am asking you for your help. I can't see any question of fact on it, and I don't want to be wrong. If there is an issue of fact on it, I want to know on that one narrow point.

"Mr. Dealy: It will probably be decided, your honor, by reference to the law and the regulations. However, if your honor desires testimony to be enlightened as to the procedure and practice of the Service, we can produce that testimony in greater length than we have in our affidavits here, and certainly in greater length as to the general

practice as well as the specific practice in this case.

"The Court: That would be merely testimony to enable the court to construe the statute or regulations?

"Mr. Dealy: That's right.

"The Court: And still be a legal question.

"Mr. Dealy: All right, your honor; and whether the notice sent to the taxpayers constituted an acceptance."

Rule 56 received detailed consideration in our opinion reported as Homan Mfg. Co. v. Long, 7 Cir., 1957, 242 F.2d 645, 653, and what was said there, in this passage, is obviously apposite here: "Summary judgment procedure enables district judges to nip in the bud litigation which would wilt, if the case went forward to a trial on the merits, because there was no genuine issue as to any material fact." The authorities, Campana Corp. v. Harrison, 7 Cir., 1943, 135 F.2d 334, and Sarkes Tarzian, Inc. v. United States, 7 Cir., 1957, 240 F.2d 467, pressed on us by defendant are inapposite because the record before us is devoid of a "genuine issue as to any material fact." The question below pivoted on power and authority to accept Forms 870M and that issue obstinately resists attempts at classifying it as one of fact under Rule 56.

Since there has been no acceptance by the Commissioner these taxpayers' signatures on Forms 870M did not relieve the taxing officials of their statutory obligation to give plaintiffs notice before assessment and collection. From this it follows that the district court could, and properly did, bring its equity powers into play despite § 7421. See Homan Mfg. Co. v. Long, 7 Cir., 1957, 242 F.2d 645, 651. Such notice is a condition precedent, and its absence invalidates the assessment.

While no formal refund claim had been filed by these taxpayers the district court did allow judgment for a refund of all monies and property collected under the challenged levies and assessments. The point was raised on appeal for the first time, and that is enough for disregarding it now. Of course, the refund flowed as a result of invalidating the assessment and that cuts ground from the belated point urged on appeal by the Director.

The judgment orders appealed are affirmed.