**Bessie A. MRIZEK and John R. Mrizek, Plaintiffs**

v.

**H. Alan LONG, District Director of Internal Revenue for the Chicago District, Chicago, Illinois, Defendant.**

**No. 58 C 1633.**

United States District Court
N. D. Illinois, E. D.
Sept. 15, 1959.

Sydney E. Foster, Anna R. Lavin, Chicago, Ill., for plaintiff.

R. J. Tieken, U. S. Atty., Chicago, Ill., for defendant.

MINER, District Judge.

Defendant has moved to dismiss plaintiffs' suit for injunctive relief and application for the calling of a three-judge court. The issues before the Court on this motion are:

(1) Do the allegations of the amended complaint state a good cause of action for restraining actions of the defendant which allegedly purport to have been taken pursuant to Sections 6331 and 6672 of the Internal Revenue Code (26 U.S.C. §§ 6331 and 6672)?

(2) Does the amended complaint set forth such substantial question as to the constitutionality of Section 6672 as to require the convening of the three-judge court as set forth in 28 U.S.C. §§ 2282 and 2284?

The amended complaint is divisible into two parts. In the first, plaintiffs allege, in substance, that they are president and secretary, respectively, of the R. J. Mrizek Co., Inc.; that the corporation became delinquent in payment of withholding taxes due during 1955 or 1956; that arrangements for weekly installment payments on account of the delinquent and current taxes were made between the said president and defendant's authorized agents; that the agreed payments were made regularly up to and including March 6, 1958; that on March 13, 1958, defendant, without prior notice to plaintiffs, seized possession of the corporation's assets and demanded immediate payment of $32,474.48 from the corporation; that the said sum comprised the entire amount of delinquent taxes alleged by defendant to be due; that defendant's notice of seizure of the corporation's property "for nonpayment of delinquent internal revenue taxes due from R. J. Mrizek Co., Inc." in that amount is dated five days after the seizure; that on April 12, 1958, defendant advertised a public auction of the corporation's property, to be held on April 16, 1958; that by reason of defendant's said actions one of the corporation's creditors demanded immediate payment of its note; that because of defendant's actions neither the corporation nor the plaintiffs could comply with that demand; that because of the said failure to discharge the note the creditor filed foreclosure proceedings on a trust deed on April 10, 1958, which action is now pending; and that on April 14, 1958, an involuntary petition in bankruptcy was filed in this court against the corporation.

Plaintiffs argue that defendant's said actions in seizing possession of the corporation's property are violative of Section 6331 of the Internal Revenue Code (26 U.S.C. § 6331), which reads, in pertinent part:

"(a) *Authority of Secretary or delegate.*—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. * * * If the Secretary or his delegate makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary or his delegate and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

"(b) *Seizure and sale of property.*—The term 'levy' as used in this title includes the power of distraint and seizure by any means. In any case in which the Secretary or his delegate may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible)."

Specifically, plaintiffs contend (1) that the corporate taxpayer had neither neglected nor refused to pay the taxes owed and was, in fact, making payment pur-

suant to the alleged agreement with defendant, (2) that defendant failed to give the notice and demand required by the statute before a levy is authorized, and (3) that defendant's actions have deprived plaintiffs of their property and principal source of income without due process of law in violation of the Fifth Amendment.

In the second part of their amended complaint, plaintiffs allege, in substance, that on March 21, 1958, defendant sent letters to each of the plaintiffs proposing to assess penalties against each in the amount of $52,206.68 pursuant to the provisions of Sec. 6672 of the Internal Revenue Code (26 U.S.C. § 6672); that on March 26, 1958, plaintiffs' attorney answered defendant's letters, advising that plaintiffs did not "consent to such penalty assessment" and requesting a conference; that defendant made no reply to the request; that no notice of deficiency has been sent by defendant to the plaintiffs in accordance with Sections 6212 and 6671 of the Internal Revenue Code (26 U.S.C. §§ 6212, 6671); that plaintiffs have unsuccessfully attempted to obtain information concerning defendant's proposed assessment of the 100% penalty; that on April 28, 1958, defendant recorded a lien against the plaintiffs in the amount of $52,206.-68; that on June 13, 1958, defendant recorded a lien in the sum of $58,912.44 against the home owned by Bessie A. Mrizek in Illinois; that on May 2, 1958 and September 2, 1958, defendant filed liens against Florida real estate in which plaintiffs have an interest; that plaintiff Bessie A. Mrizek has exhausted her administrative remedies by reason of the fact that defendant has refused her formal request, filed July 1, 1958, pursuant to Internal Revenue Regulations § 301.-6861(F) (1), for abatement of the said liens; that except for her interest in the real estate encumbered by the said liens plaintiff Bessie A. Mrizek has total assets of the approximate value of $2,-000; that except for his interest in the real estate encumbered by the said liens and his interest in the R. J. Mrizek Co., Inc., plaintiff John R. Mrizek is without assets; and that because of the said liens plaintiffs are unable to obtain funds from or make any disposition of the encumbered property.

Section 6672 reads as follows:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

Plaintiffs claim that the said liens are void because (1) they are not based on a valid assessment, (2) they are patently without relation to the taxes allegedly due and unpaid, (3) they are speculatively separately applied to two individuals, aggregating $104,413.36, whereas the statute pursuant to which the liens were purportedly applied authorizes a penalty "equal to * * * the tax evaded, or not collected, or not accounted for and paid over," (4) any purported assessment of penalties (upon which liens are predicated) is void as having no connection or relation to the outstanding tax deficiency claimed, and (5) notice of the imposition of penalty assessment has never been given.

Plaintiffs further raise issues which concern the constitutionality of Section 6672. Specifically, they argue that if penalty assessments are found to have been made pursuant to the statute (1) they are invalid as imposing punishment without the right to a jury trial, (2) the hearing referred to in the notice of proposed assessment "cannot, as a matter of discretion, be deemed a substantial substitute for the due process of law that the Constitution requires", and (3) since

they have "punitive nature and purpose, must be preceded by opportunity to contest their validity".

Plaintiffs allege that they are without an adequate remedy at law, in that (1) they are unable to seek relief under 28 U.S.C. § 1346 [1] for the reason that by the levy and seizure of the assets of the R. J. Mrizek Co., Inc., and the liens applied to their independent property, they have been rendered without means to pay the alleged penalties, (2) they are unable to obtain a bond in double the amount of the purportedly assessed penalties to stay collection pending determination of the validity thereof, (3) there is no provision made for review of the denial of the requested administrative abatement, and (4) if defendant is not restrained from enforcing the claimed liens, plaintiffs' properties will be sold at distress sale for less than their reasonable value, even though it may ultimately result that plaintiffs owe no money to defendant. Plaintiffs further urge the inadequacy of any legal remedy for an injury they characterize as "punishment without trial by jury and without prior opportunity to contest the validity of the punishment," which injury they allege has resulted from defendant's attempt to enforce 26 U.S.C. § 6672.

Plaintiffs ask this Court to grant whatever relief may be appropriate, and particularly to issue its restraining order and then, pursuant to 28 U.S.C. §§ 2282 and 2284 [2], convene a three-judge court to test the constitutionality of 26 U.S.C. § 6672. But the Court is admonished by the authorities that before taking steps to convene a three-judge court it must be satisfied that a substantial question of constitutionality is presented. William Jameson & Co. v. Morgenthau, 1939, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189; International Ladies' Garment Workers' Union v. Donnelly Garment Co., 1938, 304 U.S. 243, 58 S.Ct. 875, 82 L.Ed. 1316. See Nye, The Three-Judge Federal District Court, 9 Decalogue J., 6, 7 (Jan.-Feb., 1959).

1. "(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of

"(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws, (i) if the claim does not exceed $10,000 or (ii) even if the claim exceeds $10,000 if the collector of internal revenue by whom such tax, penalty or sum was collected is dead or is not in office as collector of internal revenue when such action is commenced."

2. § 2282 reads: "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title. June 25, 1948, c. 646, 62 Stat. 968."

§ 2284 reads: "In any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges the composition and procedure of the court, except as otherwise provided by law, shall be as follows:

"(1) The district judge to whom the application for injunction or other relief is presented shall constitute one member of such court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action or proceeding. * * *

"(3) In any such case in which an application for an interlocutory injunction is made, the district judge to whom the application is made may, at any time, grant a temporary restraining order to prevent irreparable damage The order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the full court. It shall contain a specific finding, based upon evidence submitted to such judge and identified by reference thereto, that specified irreparable damage will result if the order is not granted. * * * *"

■ The Court is of the opinion that plaintiffs' contention concerning the constitutionality of 26 U.S.C. § 6672 cannot be of sufficient substance if the allegations of the amended complaint are sufficient *per se* to warrant relief from defendant's actions taken under the purported authority of that section. Otherwise stated, it is this Court's opinion that if plaintiffs have a right to relief from alleged unauthorized administrative activity, it is unnecessary to determine the constitutional question and no three-judge court need be convened.

The parties have filed extensive memoranda in support of their respective positions on the motion to dismiss. They have stipulated that the Court shall decide the motion on the briefs and have waived oral argument. The Court will not, therefore, examine questions not raised or argued by the parties, and will consider that such points must be resolved as the parties have assumed them to be. Further, the Court should note that counsel for the defendant has represented in open court that the status quo would be maintained and that no further action would be taken to enforce collection of the alleged assessments by the defendant until further order of this Court. Plaintiffs, too, through plaintiff Bessie A. Mrizek, in open court have represented that plaintiffs would maintain the status quo and take no action to dispose of any of their assets until further order of this Court.

## I.

Defendant does not contend that plaintiffs have no standing to complain of defendant's seizure of the assets of the R. J. Mrizek Co., Inc., and the Court, therefore, concludes for purposes of this case that they have.

■ It requires no profound comparison of the allegations of the amended complaint with the purported enabling statutes to demonstrate that plaintiffs sufficiently allege unauthorized action by the defendant.

*Section 6331(a).*

■ (a) Section 6331(a) requires a notice and demand before the Secretary of the Treasury or his delegate may collect a tax, from any person liable to pay it, by way of levy upon property and rights thereto. Plaintiffs aver that there has been no such notice and demand. Assuming this averment to be true, the Court cannot approve a plain disregard of congressional mandate. Still assuming the averment to be true, the Court can conceive of no theory which would warrant the defendant's failure to comply with this statutory requirement. A notice of seizure, prepared five days after the levy as alleged by plaintiffs, does not satisfy the requirement.

■ (b) A levy is authorized only when a taxpayer "neglects or refuses" (after 10-day notice and demand), or upon "failure or refusal" (after jeopardy finding, notice and demand), to pay any tax for which he is liable. The amended complaint sufficiently alleges that the R. J. Mrizek Co., Inc. has never neglected, failed or refused to pay any tax liability, both because it was making payments pursuant to an agreement with defendant until defendant by his own actions cut off the means of payment, and because no neglect, failure or refusal to pay within the meaning of Section 6331 can occur prior to notice and demand.

(c) Plaintiffs' allegation that defendant's levy on the property of the R. J. Mrizek Co., Inc. has deprived them of their property, is unchallenged in defendant's motion to dismiss and supporting briefs. The Court holds that if plaintiffs are being thus deprived of their property by administrative action purporting to conform, but failing to conform, to the requirements of Section 6331, the plaintiffs have sufficiently alleged deprivation of property without due process of law in violation of the Fifth Amendment.

*Section 6672.*

■ Plaintiffs do not allege that they are not required by law "to collect, truth-

fully account for, and pay over any tax imposed by this title" and the Court assumes that they are so required.

(a) Section 6671(a) reads:

"(a) *Penalty assessed as tax.*— The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter."

The amended complaint avers that the "notice and demand" specified in Section 6671(a) has never been given or made upon them. A notice of proposed assessment of the penalty prescribed by Section 6672 does not dispense with the necessity for the notice and demand prescribed by Section 6671(a) and referred to as forthcoming in the notice of proposed assessment. Assuming the averment to be true, the Court is obliged to conclude that this requirement of the statute has been disregarded by the defendant.

■ (b) According to the plaintiffs, the agreement described in the amended complaint has been breached, if breached at all, by the defendant's alleged actions. But even if the agreement and the plaintiffs' actions pursuant to it are as alleged, this Court could not conclude, as plaintiffs urge, that plaintiffs did not "willfully [fail] to collect such tax, or truthfully account for and pay over such tax, or willfully [attempt] in any manner to evade or defeat any such tax or the payment thereof." Their good faith in the performance of the agreement does not wipe the slate clean of their actions prior to the agreement. Plaintiffs have not alleged that those prior actions were not willful, and therefore the Court will not sustain their allegation that defendant could not impose the sanction of Section 6672 penalties for lack of willfulness.

■ (c) According to the amended complaint, the tax which plaintiffs were required to pay over to defendant amounts to $32,474.48, while the assessment against each is $52,206.68. Although the pleading does not explain an apparent discrepancy between (i) plaintiffs' allegation of the amount of tax due and (ii) the statement in the exhibits (the itemization page of each of Exhibits B and C to the complaint) that "the following penalties, equal to the amount of taxes required to be withheld and not paid over to the District Director of Internal Revenue" "Total $52,206.68," the Court will disregard the discrepancy and read the complaint in the light most favorable to plaintiffs. Thus, if, as alleged, the assessed penalty is $19,732.20 more than authorized by Section 6672, the Court would have to hold the assessment excessive.

(d) Section 6321 reads as follows:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Plaintiffs, having alleged that no demand was ever made upon them for the penalty which has apparently been assessed in accordance with Regulation § 301.6203–1[3], have sufficiently claimed that the lien de-

---

3. § 301.6203–1 reads:

"The district director shall appoint one or more assessment officers, and the assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the char-

acter of the liability assessed, the taxable period if applicable, and the amount of the assessment. The amount of the assessment shall in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting

scribed in Section 6321 has not attached to their property.

■ (e) Plaintiffs claim that the purported assessments are speculative because they are assessed cumulatively against them severally rather than in the alternative. Assuming that the amount of each assessment is correct, the Court does not agree that Section 6672 permits but one, and no more than one, penalty assessment equal to the amount of the tax. The section permits *assessment* of the penalty against "any person" who does the illegal act. The Court does not now decide whether, in reliance on Section 6672, the Government can *collect* more than 100% of a tax. Plaintiffs' said claim is, therefore, insufficient in law.

*Section 6212.*

■ Plaintiffs complain that the "Notice of deficiency" required by Section 6212 was not sent them. Paragraph (a) of that Section reads:

"(a) *In general.*—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by registered mail."

Withholding taxes are imposed by Subtitle C of the Internal Revenue Code. Since no notice of deficiency was required to be sent the plaintiffs by Section 6212(a), plaintiffs cannot complain of its omission.

Disregarding, then, the proscription of Section 7421(a)[4], the Court holds that the amended complaint states a cause of action for relief against the alleged actions of the defendant which we have here concluded are contrary to statutory mandate. Those allegations which we

have indicated are insufficient to warrant relief will be stricken.

## II.

The crux question is whether Section 7421(a) prohibits this Court from granting equitable relief from defendant's alleged illegal actions.

Notwithstanding the apparent breadth of the statutory withdrawal of jurisdiction in Section 7421(a), the courts have been presented with a number of situations to which the section does not apply. One District Judge in Communist Party USA v. Moysey, D.C.S.D.N.Y.1956, 141 F.Supp. 332, has attempted to categorize these situations (at page 338):

"(a) Suits to enjoin collection of taxes which are not due from the plaintiff but, in fact, are due from others. For example, Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620, 622, in which the Court enjoined the distraint against a bank account in the joint names of husband and wife ' "as tenants by the entireties" ' when the tax was due solely from the husband.

"(b) Cases in which plaintiff definitely showed that the taxes sought to be collected were 'probably' not validly due. For example, Midwest Haulers, Inc. v. Brady, 6 Cir., 1942, 138 F.2d 496, and John M. Hirst & Co. v. Gentsch, 6 Cir., 1943, 133 F.2d 247.

"(c) Cases in which a penalty was involved. For example, Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822; Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061; Regal Drug Corporation v. Wardell, 260 U.S. 386, 43 S.Ct. 152, 67 L.Ed. 318; Allen v. Regents of the University System of Georgia,

---

list or record. The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, the district director shall furnish the taxpayer a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability

assessed, the taxable period, if applicable, and the amounts assessed."

4. § 7421(a) reads:
"Except as provided in sections 6212 (a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448.

"(d) Cases in which it was definitely demonstrated that it was not proper to levy the tax on the commodity in question, such as Miller v. Standard Nut Margarine Company of Florida, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422.

"(e) Cases based upon tax assessments fraudulently obtained by the tax collector by coercion. For example, Mitsukiyo Yoshimura v. Alsup, 9 Cir., 1948, 167 F.2d 104."

Our Court of Appeals has considered the scope of this section or its predecessor a number of times. Homan Mfg. Co., Inc. v. Long, 7 Cir., 1959, 264 F.2d 158; Melvin Building Corp. v. Long, 7 Cir., 1959, 262 F.2d 920; Mensik v. Long, 7 Cir., 1958, 261 F.2d 45; Steiner v. Nelson, 7 Cir., 1958, 259 F.2d 853; Homan Mfg. Co., Inc. v. Long, 7 Cir., 1957, 242 F.2d 645; Tovar v. Jarecki, 7 Cir., 1949, 173 F.2d 449; Tomlinson v. Smith, 7 Cir., 1942, 128 F.2d 808. The more recent decisions consistently refer to Homan Mfg. Co., Inc. v. Long, 7 Cir., 1957, 242 F.2d 645 as declarative of the proper interpretation to be given the prohibition and the Supreme Court decisions construing it.

It is clear that in order for this Court to declare Section 7421(a) inapplicable, " 'special and extraordinary circumstances' must combine with illegality" of the tax, the collection of which is sought to be restrained.[5] 242 F.2d at page 653.

The decision in Steiner v. Nelson, supra, applies the rule to a factual circumstance which is substantially similar to ours. There the Court said (259 F.2d at page 858):

"[T]he taxing officials [were not relieved] of their statutory obligation to give plaintiffs notice before assessment and collection. From this it follows that the district court could, and properly did, bring its equity powers into play despite § 7421. [Citing the Homan case.] Such notice is a condition precedent, and its absence invalidates the assessment."

Thus, our Court of Appeals has declared that failure of the authorities to comply with the statutory conditions precedent to collection of a tax presents such exceptional circumstance and so affects the legality of the attempted tax that the district courts may enjoin its collection.

It is the opinion of this Court that the allegations of the amended complaint, described above as "(a)" and "(d)" under the heading entitled *"Section 6672"*, state a cause of action to which Section 7421(a) is inapplicable. The allegation described as "(c)" under that heading, which merely attacks the amount of the alleged assessment, is insufficient to require equitable intervention notwithstanding 7421(a).

In view of our opinion that Section 7421(a) does not preclude us from granting equitable relief from defendant's alleged disregard of statutory notice and demand requirements, we find it unnecessary to examine plaintiffs' further contention that the Section 6672 penalty is not a tax and is, therefore, without the Section 7421(a) prohibition.

### III

Accordingly, the Court concludes that the constitutional question raised by the plaintiffs is of insufficient substantiality on the record thus far to require the convention of a three-judge court pursuant to 28 U.S.C. §§ 2282 and 2284. However, should the question become pertinent as the case proceeds to issue or trial, the Court may reconsider it.

The motion to dismiss will be denied. The parties will prepare draft orders in accordance with this memorandum.

---

5. The Court might here note that plaintiffs do not seek to restrain the "assessment" of the penalties prescribed in Section 6672. They allege no impropriety in the method of assessment or lack of power to follow the internal procedures described in Internal Revenue Regulation § 301.6203–1.