**Francis K. ALLAN**

v.

**UNITED STATES of America.**

**Civ. A. No. 3–6083–F.**

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 6, 1975.

Claude R. Wilson, Jr., Dallas, Tex., for plaintiff.

Frank D. McCown, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., Howard A. Weinberger, Tax Division, Department of Justice, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

ROBERT W. PORTER, District Judge.

This is a suit for the refund of some $20,000 assessed as a 100 percent penalty under § 6672 of the Internal Revenue Code of 1954 (26 U.S.C. § 6672). The taxpayer-plaintiff argues that he is not liable for the tax because the Internal Revenue Service made a clerical error on certain forms it mailed him, which incorrectly stated the name of the corporation that had failed to pay over withholding and social security taxes.

Both parties have filed motions for summary judgment. I have concluded that the government's motion must be granted, and the plaintiff's denied, because the law does not support the plaintiff's contention.

The facts are not in dispute and may be stated rather quickly. Automation Technology, Inc., with offices in Dallas, Texas, encountered financial difficulties and failed to pay over to the Internal Revenue Service (IRS) the amounts it had withheld from employees' paychecks for federal income tax and social security (F.I.C.A.) tax. After efforts to collect the taxes from the corporation failed, the I.R.S. looked to the plaintiff, who was an officer and director of Automation Technology, to pay the amount due under § 6672.[1]

---

1. 26 U.S.C. § 6672:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addi-

The IRS district office in Dallas requested the IRS service center in Austin, Texas, to assess a 100 percent penalty against Mr. Allan as the responsible officer of the corporation. Apparently as a result of a service center typist's error, the bill that was mailed to Mr. Allan incorrectly listed the corporation as Diversa Label and Printing, Inc., of Dallas. In all other respects—such as dates involved, amount due, and section of the code involved—the statement was accurate. Mr. Allan had never heard of the Diversa company and certainly was not an officer or director of it.

When Mr. Allan failed to pay the bill, and after notice, the IRS levied upon and seized some of his property. Rather than have the property sold, Mr. Allan paid $20,579.08 in taxes and interest. He thereafter filed a claim for refund which was promptly disallowed, and this litigation followed.

Mr. Allan does not claim that he lacked notice that IRS planned to look to him for payment of Automation Technology's debt. He had received two letters from IRS telling him just that well before the erroneous notice and demand was mailed. But his position is that the notice and demand did not comply with requirements of statutes and regulations and therefore was void, leaving him without any liability. Mr. Allan's position is without merit, as an examination of the statutes, regulations and cases reveals.

■ First, I might mention that what is denominated a "penalty" in § 6672 is not a penalty in the usual sense at all. What has happened is that the money that should have been paid over to the government instead has been dissipated by a defunct corporation. Yet the government is obligated to give credit to the corporation's employees for the taxes withheld from their pay when they file their income tax returns, as well as

for the social security taxes that were withheld. Without the mechanism provided by § 6672 and related statutes, the government—and that means all taxpayers—would be stuck with the deficit. The purpose of the statutes is to permit the government to reach those responsible for the corporation's failure to pay over the taxes which are owing. White v. United States, 372 F.2d 513, 516, 178 Ct.Cl. 765 (1967); In re Serignese, 214 F.Supp. 917 (D.Conn.1963), aff'd sub nom. Goring v. United States, 330 F.2d 960 (2d Cir. 1964).

■ Because the plaintiff insists that he was not validly assessed for the taxes, it is necessary to review the statutes and regulations governing such assessments. In particular, § 6203 of the Internal Revenue Code provides:

> The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary or his delegate in accordance with rules or regulations prescribed by the Secretary or his delegate. Upon request of the taxpayer, the Secretary or his delegate shall furnish the taxpayer a copy of the record of the assessment.

The parallel Treasury regulation [2] is found in § 301.6203–1, which provides:

> . . . The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment . . . . If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amount assessed.

tion to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

2. Treasury Regulations on Procedure and Administration (1954 Code) (26 C.F.R.).

The parties are at odds over the meaning of the words "the character of the liability assessed." Mr. Allan's position is that this is no mere clerical error but rather an assessment of the wrong character of liability which invalidates the assessment and entitles him to a refund. The government's position is that the documents sent Mr. Allan, even though they contained an error, nonetheless contained all the information required by law and therefore the assessment was proper.

The IRS notice and demand to pay—copies of which are in the record—contain Mr. Allan's name and mailing address, the period involved (September 1968 through January 1969), the balance due ($20,161.79), and the notation "100% pen on: Diversa Label & Prntg Inc. 2967 Ladybird Lane Dallas TX 75229 IRC 6672 . . . ." I agree with the government that the notice contained all the information required, for I believe that the "character of the liability assessed" is a 100 percent penalty under § 6672. The plaintiff's cited cases do not require the name of the corporation to be listed, and I do not believe the statutes or regulations impose such a requirement.

The plaintiff says that the IRS failed to comply with the notice and demand provisions of the code and regulations, §§ 6671(a) and 6303 of the code and regulation § 301.6303–1. The full text

is in the margin,[3] but in short § 6671(a) requires penalties to be paid upon notice and demand and collected in the same way as taxes. Section 6303 requires that notice be given to each person responsible for an unpaid tax not later than 60 days after assessment is made. The implementing regulation requires the responsible IRS official, after a tax is assessed, to give notice to each person liable for the unpaid tax, stating the amount and demanding payment.

Because Mr. Allan is not the individual responsible for the unpaid tax of Diversa Label and Printing, Inc., he claims that IRS did not follow its regulations. Because he did not receive his proper notice and demand, he continues, the levy, seizure and lien on his property were illegal. The case of Mrizek v. Long, 187 F.Supp. 830 (N.D.Ill.1959), which plaintiff cites, also involved a corporation that was delinquent on paying over withholding and social security taxes. There, however, the corporation had been making good faith installment payments to IRS, which without notice or apparent reason seized the corporation's assets and demanded immediate payment of the balance due. There, the required notice was prepared after the seizure. The court simply held the assessment void because IRS did not serve notice before the levy and seizure, as required, and in addition because IRS disregarded the requirement of § 6671(a) to serve a

---

3. 26 U.S.C. § 6671(a):

The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

26 U.S.C. § 6303(a):

Where it is not otherwise provided by this title, the Secretary or his delegate shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of

such person, or shall be sent by mail to such person's last known address.

Regulations § 301.6301–1 (as amended by T.D. 6585, 1962–1 Cum.Bull. 290):

(a) *General rule.* Where it is not otherwise provided by the Code, the district director or the director of the regional service center shall, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be given as soon as possible and within 60 days. However, the failure to give notice within 60 days does not invalidate the notice. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.

notice and demand. Thus in *Mrizek* the taxpayer had no notice at all, rather than one containing a clerical error as in the case at bar.

Also distinguishable is Bauer v. Foley, 404 F.2d 1215 (2d Cir. 1968). The taxpayer was a wife whose husband had forged her signature to their joint returns or obtained her signature on them by duress. The husband had been convicted of filing false and fraudulent returns for several of the years in question. The IRS seized some of the wife's property and filed a lien against her home. She had never seen or learned of a single joint notice of assessment and demand for payment that IRS had mailed to her husband and her. The court held that the IRS had failed to comply with the requirement of § 6303(a) that notice be given to *each* liable person.

In argument, counsel for the plaintiff accused the IRS of being the "most technical . . . of all the institutions in the world." Because of that, he says, IRS should not be allowed to take the position that its typographical error doesn't relieve the taxpayer of liability. He points to Brafman v. United States, 384 F.2d 863 (5th Cir. 1967) as an example of a taxpayer getting off the hook because the IRS made a technical error. *Brafman* was a suit for estate taxes in which the government sued the daughter of the deceased for payment of some $16,000 in taxes, since the estate was without funds. The appellate court found for the taxpayer because the assessment officer had totally failed to sign the certificate of assessment. This can hardly be dismissed as an unimportant technical error in view of the plain requirement of Treasury Regulation § 301.6203–1 that " . . . the assessment shall be made by an assessment officer signing the summary record of assessment."

United States v. Lehigh, 201 F.Supp. 224 (W.D.Ark.1961) is another of plaintiff's "technical error" cases. There the taxpayer had a lucky day at the racetrack and won more than $293,000.

More than two years later the IRS made a jeopardy assessment for more than $304,000. The notice to the taxpayer, however, listed the wrong year. The court wrote:

> It may very well be true that the defendant subjectively knew that his tax difficulties with the Government involved 1953 rather than 1954 since there is nothing to indicate that in 1954 or in any year other than 1953 he had received money which could result in an income tax liability of almost $250,000. But, the defendant did not know necessarily that the reference to the year 1954 was a mere typographical error. When he saw "1954" on the statement and when he learned that the Government had filed a tax lien for 1954, he may have thought that the Government's error had been in assessing him for 1954 rather than for 1953. In such circumstances, the error would have been fatal, for defendant's winnings were taxable with respect to 1953 if at all, and certainly defendant was not under any obligation to inform the Government of such a mistake. 201 F.Supp. at 233–234.

While the judge in *Lehigh* admitted that the taxpayer won on a technicality, it seems obvious that the year for which a tax is due is a more important and less technical consideration than the name of the corporation that failed to pay taxes. And unlike Mr. Lehigh, Mr. Allan *did know* that the mistake was a clerical one. He may or may not have been under an obligation to inform the IRS of the error, but he cannot now claim that such error magically immunized him from liability, because the assessment contained the requisites of the code and regulation.

■ After the IRS learned of its clerical error through Mr. Allan's claim for refund, it corrected its copies of the notice and demand by interlining the name and address of Automation Technology for those of Diversa Label and Printing. The IRS admits that this was

**504**

done after the limitation period for the assessment had run. Section 6204 of the code permits a supplemental assessment to be made at any time within the period prescribed for assessment if it is determined that the original is deficient "in any material respect." The parallel regulation, § 301.6204–1, says essentially the same thing.[4] Because the correction dealt with information not required to be shown in the first place, it was not a correction dealing with a "material respect" of the assessment, and was not improper.

 On another tack, Mr. Allan says that the notice was deficient because he is not the taxpayer at all; rather the corporation is the taxpayer. Since Diversa was printed on the notice, rather than Automation Technology, the notice failed to identify the taxpayer properly. Such a position not only seems to me at variance with the language of § 6672, but also makes me question why Mr. Allan is the plaintiff in this suit, if he is not the taxpayer. It was his money that he paid to IRS and that entitled him to file this refund suit under 28 U.S.C. 1346(a)(1). I believe that in a § 6672 setting, the taxpayer is not the corporation but instead is the responsible person from whom the tax (or "penalty") is attempted to be collected.

In conclusion, I hold that the assessment was valid. Although it contained an error, the notice and demand correctly showed everything it was required to show. Mr. Allan suffered no prejudice. He has no equities on his side, unlike the taxpayers in many of the cases upon which he relies. I will grant summary judgment for the United States, since I find there is no genuine issue as to any material fact and the government is entitled to judgment as a matter of law.

This opinion is submitted in lieu of findings of fact and conclusions of law. January 3, 1975.

---

4. 26 U.S.C. § 6204(a):
   (a) General rule.—The Secretary or his delegate may, at any time within the period prescribed for assessment, make a supplemental assessment whenever it is ascertained that any assessment is imperfect or incomplete in any material respect.
   Regulations § 301.6204–1 (as amended by T.D. 6585, 1962–1 Cum.Bull. 290):
   If any assessment is incomplete or incorrect in any material respect, the district director or the director of the regional service center, subject to the restrictions with respect to the assessment of deficiencies in income, estate, and gift taxes, and subject to the applicable period of limitation, may make a supplemental assessment for the purpose of correcting or completing the original assessment.