**C. Oran MENSIK and Mary Mensik, Plaintiffs-Appellees,**

v.

**H. Alan LONG, District Director of Internal Revenue for the Chicago District, Chicago, Illinois, Defendant-Appellant.**

No. 12374.

United States Court of Appeals Seventh Circuit.

Nov. 19, 1958.

Rehearing Denied Dec. 16, 1958.

S. Rita, Washington, D. C., Robert Tieken, John Peter Lulinski, Donald S. Lowitz, Chicago, Ill., for appellant.

Edward J. Calihan, Jr., Anna R. Lavin, Chicago, Ill., for appellee.

Before SCHNACKENBERG, HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This appeal was taken by the defendant below, the District Director of Internal Revenue, from an order of the District Court preliminarily enjoining the enforcement of a jeopardy assessment against plaintiffs for the taxable year 1956. The order, entered July 2, 1958, released certain liens and levies entered pursuant to the jeopardy assessment. The assessment, made June 19, 1958, was in the amount of $860,489.21, which included taxes, penalties and interest.

In its brief and oral argument before this Court the appellant's ratiocination attacking the jurisdiction of the District Court is substantially as follows: 1) The District Court is without power to enjoin the assessment "without adequate proof that a valid tax could by no legal possibility be imposed and that there existed exceptional and extraordinary circumstances justifying equitable relief"; and 2) that here there was no such proof or showing made. With both of these propositions we must agree.

This Court in Homan Mfg. Co. v. Long, 7 Cir., 1957, 242 F.2d 645, has heretofore treated this subject in considerable detail. Therefore, we here consider it necessary only to touch upon some of the more salient points.

Title 26 U.S.C.A. § 6201 authorizes and requires the Secretary of the Treasury or his delegate to assess all taxes accruing under the Act.

Title 26 U.S.C.A. § 6861, supplementing § 6201, reads in relevant part as follows:

"(a) Authority for making.—If the Secretary or his delegate believes

Charles K. Rice, Lee A. Jackson, A. F. Prescott, Thomas N. Chambers, Frederic

that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary or his delegate for the payment thereof."

Title 26 U.S.C.A. § 7421(a) reads thus:

"Tax.—Except as provided in section 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Neither section 6212(a) and (c), notice of deficiency and the restriction of further deficiency letters, nor 6213(a), petitions to the Tax Court, would in any manner include a jeopardy assessment under § 6861. Hence the sweeping prohibitions of § 7421(a) are applicable to the present case.

However, we must recognize, as we did in the Homan case, that "prevailing case law has, on occasion, palliated the strictures Congress enacted in § 7421." [242 F.2d 651.]

What constitutes justification for such alleviation has been adequately set forth in Miller v. Standard Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. There the Supreme Court said, 284 U.S. at page 509, 52 S.Ct. at page 263, "a suit will not lie to restrain the collection of a tax upon the sole ground of its illegality." It then went on to say "where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector."

Hence in order to affirm the order of the District Court we must conclude that the tax is not only "illegal" but that "special and extraordinary circumstances" also here exist creating a situation warranting the enjoining of the jeopardy assessment.

As we have earlier said we see no reason to further expand upon the law with both parties being in substantial agreement as to its applicability. However, as might be expected, the parties do not agree upon what constitutes an "illegal" assessment and "special and extraordinary circumstances."

■ Basically plaintiffs-appellees argue that appellant, the District Director, included as income of appellees unadjusted capital returns, proceeds from loans, premiums collected and passed on to insurance carriers and charitable contributions. This argument on its face shows a total absence of "illegality". The power of the District Director to assess a tax on income can hardly be controverted and as to whether he erred in some or all of the particulars set forth above can be determined only by a trial upon the merits. It is certainly not the type of "illegality" contemplated by the Supreme Court in the Nut Margarine case as a comparison of the facts will immediately illustrate. Here liability for this tax is not beyond the realm of possibility whereas in the Nut Margarine case it was.

■ Inasmuch as both factors, i. e., illegality and extraordinary circumstances, are required this alone would necessitate a reversal. But looking to appellees' "extraordinary circumstances" we fail to see how they also would warrant this injunction.

Appellees state that five of the business enterprises of plaintiff-appellee C. Oran Mensik are dependent upon his personal resources. If this be so it is an argument for the necessity of the jeopardy assessment inasmuch as his funds seem to be in a state of flux and their very existence from one moment to another depends upon the success of these businesses which in no way are connected with this proceeding. We are not impressed by the other supposed hardships of appellees in

**48**

that they are no more than any taxpayer might expect to encounter when a jeopardy assessment has been levied pursuant to statutory mandate.

The order of the District Court granting the preliminary injunction is reversed and cause remanded for further proceedings consistent with this opinion.