MELVIN BUILDING CORPORATION, an Illinois corporation, Plaintiff-Appellee,

v.

H. Alan LONG, District Director of Internal Revenue for the Chicago District, Defendant-Appellant.

No. 12377.

United States Court of Appeals Seventh Circuit.

Dec. 17, 1958.

Rehearing Denied Feb. 27, 1959.

---

Charles K. Rice, Asst. Atty. Gen., Richard M. Roberts, Atty., Tax Division, U. S. Department of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., Andrew F. Oehmann, Acting Asst. Atty. Gen., Lee A. Jackson, Joseph F. Goetten, Thomas N. Chambers, Attys. Dept. of Justice, Washington, D. C., Donald S. Lowitz, Asst. U. S. Atty., Chicago, Ill., for appellant.

Richard F. Levy, Sidney U. Hiken, Chicago, Ill., Gottlieb & Schwartz, Chicago, Ill., of counsel, for appellee.

Before SCHNACKENBERG, HASTINGS and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This is an appeal from an order of the district court entered July 3, 1958, temporarily enjoining the enforcement of a jeopardy assessment of income taxes against Melvin Building Corporation, plaintiff (herein called the taxpayer), made by H. Alan Long, District Director of Internal Revenue for the Chicago District,[1] for the taxable year 1956, and ordering release of levies and liens on all property, except real estate,[2] growing out of the jeopardy assessment.[3]

The assessment, made on June 17, 1958, was in the amount of $533,341.25, including taxes, penalties and interest. The complaint of taxpayer was filed June 26, 1958. On the basis thereof, and documentary evidence and testimony of witnesses, the district court entered findings of fact and conclusions of law to accompany its order granting the preliminary injunction.

The authority for jeopardy assessments is contained in § 6861(a) of the Internal Revenue Code of 1954,[4] which provides:

"If the Secretary or his delegate believes that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice

---

1. Herein called the director.

2. An exception of the real estate was made by the district court's modification of its order on July 10, 1958, pursuant to an order of this court entered July 9, 1958.

3. In the director's brief we are told that the order of July 3, 1958 permanently enjoined collection of a 50% fraud pen-

alty assessed. The order does not so provide. However, the district court concluded as a matter of law that, the defendant having failed to produce any evidence concerning the reason for the asserted 50% fraud penalty, that portion of the assessment which involves such a penalty, to wit, $16,279.35, is null and void.

4. 26 U.S.C.A. § 6861(a).

and demand shall be made by the Secretary or his delegate for the payment thereof."

In Mensik v. Long, 7 Cir., 261 F.2d 45, we referred to 26 U.S.C.A. § 7421 (a) which reads:

"Except as provided in section 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

We then said:

"However, we must recognize, * * * that 'prevailing case law has, on occasion, palliated the strictures Congress enacted in § 7421.' "

The director argues that, while judicial exception has been recognized to the statutory prohibition against the grant of injunctive relief against a tax assessment in the rare case where extraordinary circumstances combine with a clear showing of illegality, an allegation of a simple factual dispute over the amount of an income tax liability by one admittedly subject to the tax, necessitating a trial on the merits to resolve it, is not sufficient to lift the jurisdictional bar. He cites Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 and Homan Mfg. Co. v. Long, 7 Cir., 242 F. 2d 645.

Taxpayer, on the other hand, argues that, in order to temporarily enjoin the collection of a tax, it is required to prove only that the tax was probably improperly assessed, and that it met this requirement in the district court.

■ In the case at bar, it seems to us that taxpayer's charge is that no tax was due and that defendant's action in making a jeopardy assessment against it was arbitrary. Its contention really is that steps taken to enforce collection of the tax against it were illegal. Significantly it does not say that the tax itself was illegal, which is one of the facts which it must establish to avoid the bar of § 7421(a). This is understandable because the district court in its findings tacitly recognized the legality of the tax imposed upon taxpayer. In finding 18, the court said:

"Based on the weight of the evidence, this Court finds as a fact that substantial doubt exists whether the plaintiff is liable for a deficiency in Federal income tax for the year 1956 in excess of $1,700.00 if plaintiff's net operating loss carry-back from 1957 has been erroneously reported or, in any event, in excess of $58,000 if said 1957 net operating loss carry-back is not allowable as a deduction from gross income for 1956. The foregoing is not to be construed as a finding by this Court that any deficiency whatsoever exists with respect to plaintiff's income tax liability for the year 1956."

Finding 16 reads:

"The Government has a lien upon all of the real estate owned by the plaintiff by virtue of the jeopardy assessment made on June 17, 1958, as alleged herein."

Its conclusion of law No. 5 asserts:

"By virtue of the jeopardy assessment made on June 17, 1958, as alleged herein, the defendant has a lien upon all of the real estate owned by the plaintiff and the orders hereinafter entered do not limit or restrict said lien."

■ Thus the district court determined that a valid tax was due, although it did not definitely state the amount thereof. Certainly it is apparent from the entire record in this case that the district court did not base its order upon a determination that an illegal tax had been assessed against plaintiff.

For the aforesaid reasons, on the record before us, we are required to reverse the order for a preliminary injunction, as modified, from which this appeal was taken.

We reserved our ruling on taxpayer's motion to remand this matter to the district court for a further hearing in regard to certain evidence alleged to have been newly discovered by plaintiff. That motion is now denied.

Order reversed.