HOMAN MFG. CO., Inc., an Illinois corporation, Plaintiff-Appellee,

v.

H. Alan LONG, Director of Internal Revenue, Defendant-Appellant.

No. 12416.

United States Court of Appeals Seventh Circuit.

Feb. 17, 1959.

Rehearing Denied April 10, 1959.

Charles K. Rice, Asst. Atty. Gen., Richard M. Roberts, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., Andrew F. Oehmann, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, George W. Beatty, Attorneys, Washington, D. C., John Peter Lulinski, Donald S. Lowitz, Asst. U. S. Attys., Chicago, Ill., for appellant.

George B. Christensen, Chicago, Ill., William T. Kirby, Edward J. Wendrow, David J. Hardy, Chicago, Ill., Winston, Strawn, Smith & Patterson, Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and HASTINGS, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

H. Alan Long, Director of Internal Revenue, defendant, herein referred to as the Director, has appealed from a final decree of the district court permanently enjoining him and his agents, servants and successors, from making any assessment or levy against Homan Mfg. Co., Inc., an Illinois corporation, plaintiff, herein referred to as Homan, for alleged income, declared value excess profit and excess profit taxes for the years 1944, 1945 and 1946 based (a) in whole or in part on determinations of one Charles J. Mammel,[1] or (b) in whole or in part upon any of the documents ordered to be produced by that court's order of February 19, 1958 and refused to be produced; and from using said determinations in any court or in any proceedings whatsoever to which Homan is a party and in which the purpose, or one of the purposes, is to assess or determine additional income, declared value excess profit or excess profit taxes against Homan for the years 1944, 1945 and 1946, or from using there-

in any of the material referred to in this clause (b).

Homan's complaint was filed September 23, 1955. It sought to enjoin the then district director from collecting income and excess profits taxes under a jeopardy assessment [2] totaling more than $3,000,000. From a judgment granting a permanent injunction, as prayed in the complaint, defendant appealed and we reversed and remanded the case for further proceedings in the district court. Homan Mfg. Co. v. Long, 7 Cir., 242 F.2d 645.

Following the remand, Homan moved under rule 34 of the Federal Rules of Civil Procedure [3] for the production of all documents, reports and memoranda in the government's possession having anything to do with the assessment levied against it. The district court granted the motion, but the director declined to produce on the grounds that the material in question was privileged. Thereupon the court "by reason of default of the director", found that all of the "allegations of the complaint, as amended, have been established, and adopts the same as findings herein". Then, without any hearing on the merits, the district court found that Homan's returns for the years 1944–1946 were not fraudulently made.

In the decree from which this appeal was taken, the court also enjoined the director and his agents, servants and successors, from using any of the material covered by the production order in any court proceeding brought to determine taxpayer's income or excess profits tax liability for the years 1944–1946; and lastly, the court permanently enjoined such persons from using the above material to assess additional income, declared value excess profit or excess profits taxes against Homan for the years 1944–1946.

---

1. Mammel was a United States internal revenue agent and according to Homan his figures constitute the basis of an assessment against it.

2. Act May 28, 1938, c. 289, § 273, 52 Stat. 537, 1939 code, 26 U.S.C.A. § 273

(a). In all material respects § 6861 of the 1954 code, 26 U.S.C.A. § 6861, is identical with the 1939 code.

3. 28 U.S.C.A., Rule 34.

The director contends that the district court erred in not dismissing this suit for lack of jurisdiction.[4] He relies on 26 U.S.C.A. § 7421(a), which reads:

"Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." (The exception is here irrelevant.)

In Mensik v. Long, 7 Cir., 261 F.2d 45, 47, we stated that "prevailing case law has, on occasion, palliated the strictures Congress enacted in § 7421." To the same effect see Melvin Bldg. Corp. v. Long, 7 Cir., 262 F.2d 920, in which case we said:

" * * * Significantly it [taxpayer] does not say that the tax itself was illegal, which is one of the facts which it must establish to avoid the bar of § 7421(a). * * *"

In Mensik v. Long, supra, at page 47, we said:

"What constitutes justification for such alleviation has been adequately set forth in Miller v. Standard Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. There the Supreme Court said, 284 U.S. at page 509, 52 S.Ct. at page 263, 'a suit will not lie to restrain the collection of a tax upon the sole ground of its illegality.' It then went on to say 'where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector.'

"Hence in order to affirm the order of the District Court we must conclude that the tax is not only 'illegal' but that 'special and extraordinary circumstances' also here exist

creating a situation warranting the enjoining of the jeopardy assessment."

Homan challenges the steps taken by the government to collect income, declared value excess profit and excess profits taxes from Homan, which during the taxable years was a candy manufacturing corporation. It does not assert that, as to Homan, these taxes are illegal because not applicable to such a business, or for any other reason. As to the taxpayer involved in Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, the tax attempted to be collected was illegal. There is no contention in the case at bar that the tax attempted to be collected from Homan is illegal. That the arguments made by Homan attack the steps taken to collect taxes, the legality of which is not even questioned, appears from its brief in this court. Thus, Homan says that the assessment is arbitrary, capricious and void. It admits that its "case is bottomed on the proposition that the assessment is so arbitrary and capricious that it is illegal." In addition, Homan says "We believe the facts reasonably show that the assessment was deliberately put at this fantastic and insupportable figure simply so that Homan couldn't pay it, thus creating the *appearance* of jeopardy, * * *."

Inasmuch as we conclude that Homan's complaint is not based upon a charge that the director is attempting to collect an illegal tax, within the meaning of Miller v. Standard Nut Margarine Co., supra, Homan cannot prevail. It is unnecessary for us to decide whether Homan has not shown (as contended by the Director) that there is present the additional necessary ingredient, i. e., special or extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence. Miller v. Standard Nut Margarine Co., supra, 284 U.S. at page 509, 52 S.Ct. at page 263.

4. This point, although mentioned, was not decided in the previous appeal to this court. Homan Mfg. Co. v. Long, 7 Cir., 242 F.2d 645.

For these reasons, the decree entered by the district court on March 24, 1958 is reversed.

Reversed.

DUFFY, Chief Judge (concurring).

I am fully convinced that the levying of the jeopardy assessment herein totaling more than $3,000,000 was arbitrary and capricious. After extended investigation and lengthy audits, agents representing the Treasury Department testified in the criminal case that Homan [1] owed less than $300,000 for income taxes, interest and penalties. When a number of taxpayer's deposits were found in various savings and loan associations, the amount claimed to be owing was quickly raised to $3,000,000. I think taxpayer's counsel draws a reasonable inference when he says the assessment was deliberately put at this fantastic and insupportable figure simply so that Homan couldn't pay it, thus creating the appearance of jeopardy.

Taxpayer claims the arbitrary and capricious assessment in itself makes the tax illegal. We held to the contrary when this case was here before. Homan Mfg. Co., Inc. v. Long, 7 Cir., 242 F.2d 645. We quoted from Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 to the effect that there must in addition exist special and extraordinary facts and circumstances to bring the case within some acknowledged head of equity jurisprudence. Later decisions of this Court are in accord. Mensik v. Long, 7 Cir., 261 F.2d 45; Melvin Building Corp. v. Long, 7 Cir., 262 F.2d 920. In deference to those decisions which have established the view of this Court, I concur in the result reached by the majority opinion herein.

It is said in the majority opinion that when this case was here before, we did not decide the question of jurisdiction. The point was squarely raised on that appeal. This Court said, 242 F.2d at page 648: "Normally jurisdictional questions demand primary attention. But under the circumstances of this case we think it advisable to *first* examine the jeopardy assessment phase" (Emphasis supplied). Again, on page 651 we said: "While a jurisdictional challenge meets us at the outset it can be resolved only by determining whether plaintiff's case qualifies for relief under some head of equity jurisdiction."

I agree that there is no express statement in our previous opinion that we were deciding the question of jurisdiction. But surely the members of that panel expected there would be a trial on the merits which should only have been held if the District Court had jurisdiction. We specifically held that summary judgment was improvidently granted. We also advised the District Court, at page 650: "We also think the district court should consider the question of parties in light of § 6861(g) since a government official has power to abate the assessment even after the levy has been made." Surely the District Court was fully justified in proceeding with the trial on the merits, thinking that it was carrying out the mandate of this Court.

---

1. Formerly The Shotwell Manufacturing Company.