**Clara Ann SALSBURY, (nee Clara Ann Wellman), Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19882.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 20, 1966.

Opinion Filed Jan. 27, 1966.

Mr. Barney J. Keren, Washington, D. C., for appellant.

Mr. Joseph Kovner, Atty., Dept. of Justice, for appellee.

Before BURGER, WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM:

The District Director of Internal Revenue has obtained a jeopardy assessment under § 6861 of the Internal Revenue Code (Title 26, United States Code) for unpaid income taxes, as appellant concedes. Under § 6321 the amount due became a lien upon all property or property rights of the taxpayer; and pursuant to § 6331, a notice of levy was served on defendant Public National Bank, purporting to levy upon and seize all property and rights of appellant which were then in the possession of the bank. Thereafter the bank was required, upon demand, to surrender such property or rights to the Secretary of the Treasury, unless it could show that they were subject to prior judicial attachment. Section 6332; United States v. Manufacturers Trust Co., 198 F.2d 366, 369 (2d Cir. 1952). Although a jeopardy assessment can be stayed by the posting of a bond under § 6863, appellant here has failed to do so. Appellant claims that the Government's collection actions have left her without the means to post such a bond. Appellant has offered to post a $10,000 supersedeas bond, which does not meet the requirements of the statute.

In this case the bank did not honor the levy because the name of the taxpayer was different from the name of the holder of the safe deposit box. It is acknowledged that the two names refer to the same person. The Government seeks an order requiring the bank to honor the levy.

On the merits, appellant's defense seems to have been that the Government had already seized and sold enough of her assets to satisfy her tax liability; that the District Director's affidavit stating that only $2,931.25 had been collected and applied against assessments was erroneous; and that she had not been furnished with an accurate accounting. In suits brought to enjoin the enforcement of a jeopardy assessment on that ground, it has been held that the District Court has no authority to determine whether the jeopardy assessment was incorrect. Caplin v. Laughlin, D.C. Cir. No. 17339 (May 15, 1963) (photostat appended to Government's opposition before us); Melvin Building Corp. v. Long, 262 F.2d 920 (7th Cir. 1959). The statutory scheme contemplates review on the merits solely by the Tax Court route. See S.Rep.No. 52, 69 Cong., 1st Sess., pp. 26–27. The same doctrine would seem to govern an action like this, where the Government is plaintiff. Therefore Judge Corcoran decided to limit the issue at the hearing to the question "Does the Government, when it has a jeopardy assessment, have the right to open up the box and take an inventory?" He entered an order that the box be opened, that its contents be inventoried by agents of the District Director of Internal Revenue, and that it then be resealed pending determination by the Tax Court on appellant's petition.

On the appeal as taken appellant's prospects for prevailing must be tentatively evaluated; our appraisal is such that a motion for a stay may be denied on that ground alone, even assuming arguendo the showing of irreparable injury is adequate.

Another question has arisen, however. Appellant's counsel represents to this court that subsequent to the decision of the District Court, appellant learned that

the Internal Revenue Service is conducting a tax investigation into years (1961–1964) subsequent to those covered by the jeopardy assessment. Appellant submits that the Government's levy will thus operate as a compulsion to obtain contents of a box that may tend to incriminate appellant.

A related constitutional problem is now under consideration by the Supreme Court in United States v. Blue, 1965, 86 S.Ct. 534. In *Blue* the Government has appealed from an order of the District Court for Southern California dismissing a tax evasion indictment on the ground that the privilege against self-incrimination was violated where the Government, while investigating a taxpayer criminally, levied a jeopardy assessment on all of a taxpayer's assets, thereby forcing him to file petitions in the Tax Court and disclose information.

The Government responds that this consideration is relevant if at all only in the Tax Court, or in a criminal court where an indictment is sought or tried, and that only such court should consider the problem. We may assume that this response would be dispositive if appellant had brought an action to enjoin the assessment. Cf. Smith v. Katzenbach, 122 U.S.App.D.C. ——, 351 F.2d 810 (1965).

■ But that does not necessarily dispose of the case at bar, for this case originated as a request by the Government for the aid of the District Court. That court has inherent authority to condition injunctive relief, or its mandatory equivalent, on such terms as to it may seem equitable. Cf. Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 88 L.Ed. 754 (1944); Elm Corp. v. E. M. Rosenthal Jewelry Co., 82 U.S.App.D.C. 196, 203, 161 F.2d 902, 909 (1947).

If the alleged newly discovered evidence had been available in time appellant might have, in the alternative, prayed the District Judge for a protective order,[1] whereby the Government might have been granted the substance of its rights under § 6863 from a "collection" point of view, without encroaching on constitutional limitations applicable from an "investigation" aspect.

■ We express no view on the merits of such a request. Obviously it should first be considered by the District Court. An appropriate motion on the ground of newly discovered evidence may be made before the District Judge even while a case is pending appeal, supplemented where appropriate by a motion to remand. Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952). We think that sound and orderly procedure will be promoted if the Government awaits the timely pursuit of that motion before seeking to enforce the pending order of the District Judge. The application for stay will be kept under advisement pending further advice.

---

1. One kind of protective order might have been the appointment of a master to inventory the contents of the box, and to aid the District Judge in determining whether there exist wasting or perishable assets, and to disclose to the Government any instance where such assets might possibly be involved. The expense of any such procedure would manifestly have to be borne by appellant.