**COMMONWEALTH OF PUERTO RICO et al., Plaintiffs, Appellees,**

**v.**

**The SS ZOE COLOCOTRONI, Her Engines, Appurtenances, etc., et al., Defendants, Appellants.**

No. 78–1543.

United States Court of Appeals, First Circuit.

Submitted June 8, 1979.

Decided July 10, 1979.

5. *See* page 35, footnote 2.

**40**

Owen McGivern, John W. Wall, Peter S. Dealy, Gary B. Schmidt, Donovan, Leisure, Newton & Irvine, Kirlin, Campbell & Keating, Daniel J. Dougherty, Mary Louise Montgomery, New York City, Leo F. Glynn, Richard A. Dempsey, and Glynn & Dempsey, Boston, Mass., on application for leave to file motion in district court.

Nicolas Jimenez, Jimenez & Fuste, and William A. Graffam, San Juan, P. R., on memorandum in opposition to application.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

At issue is the proper procedure to be followed in filing a motion for relief from judgment, Fed.R.Civ.P. 60(b), while an appeal from the same judgment is already pending in this court.

Defendants-appellants have filed a timely appeal from a final judgment which holds them liable for more than six million dollars in damages due to environmental harm caused by an oil spill from the tanker The SS Zoe Colocotroni. We have granted them several extensions of time within which to file their brief and appendix on the basis of their allegations that new counsel on appeal needed time to familiarize themselves with the huge record, that compilation and transfer of the record took longer than usual, and that preparation of the appendix was delayed due to the parties' dispute about what documents it should contain.

Appellants advised this court in their motions for extensions that they were preparing a motion to vacate judgment; and on the latest due date for their appellate brief and appendix, they filed instead of those documents, a motion for a further enlargement and a motion for our leave to file a motion under Rules 60(b) and 1, Fed.R. Civ.P., in the district court. In their motion for leave appellants claimed they were uncertain as to whether, during the pendency of this appeal, the district court could act without such leave on their motion for relief from judgment. Both the motion for leave and the motion for enlargement of time were opposed on the grounds that the motion for relief from judgment was frivolous and made solely for purposes of delay.

By order entered June 11, 1979, we denied appellants' motion for leave, without prejudice. We indicated in our order that parties situated as are appellants would not be required to obtain leave from this court prior to filing a motion for relief from judgment in the district court. We also indicated that the present opinion, explaining the basis of our decision, would follow.

We have not previously addressed this matter except to state that a district court lacks jurisdiction to *grant* a motion to vacate while an appeal is pending. *Krock v. Electric Motor & Repair Co.,* 339 F.2d 73, 74 n.1 (1st Cir.), *cert. denied,* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).[1] Other circuits have spoken, but not with uniformity. Some adhere to the position that once a notice of appeal is filed, a district court is divested of jurisdiction to act on a Rule 60(b) motion. *Norman v. Young,* 422 F.2d 470, 474 (10th Cir. 1970) (*but see Aune v. Reynders,* 344 F.2d 835, 841 (10th Cir. 1965)); *Weiss v. Hunna,* 312 F.2d 711, 713–14 (2d Cir.), *cert. denied,* 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963), *reaffirmed in Diapulse Corp. of America v. Curtis Publishing Co.,* 374 F.2d 442, 447 (2d Cir.

---

1. As will be seen, we adhere to that holding insofar as it pertains to the *granting* of 60(b) motions.

1967). These courts require the obtaining of an order of remand from the court of appeals before a party desiring relief from judgment may file a Rule 60(b) motion in the district court. The appellate court bases it decision whether to remand upon its view of the substantiality of the motion to vacate. If it finds the motion to vacate lacking in substance, it will refuse to remand, and the unsuccessful party must wait until mandate issues before he may file a 60(b) motion in district court.

Other circuits do not require parties to obtain circuit court leave prior to moving in district court to vacate a judgment from which an appeal is pending. The motion may be both filed and considered in the district court without leave from the court of appeals. Furthermore, the district court may, on its own, proceed to deny the 60(b) motion without permission of the court of appeals. Only if the district court is inclined to grant the motion need a remand be sought and obtained; until a remand is obtained, the district court may not actually grant 60(b) relief. *Pioneer Insurance Co. v. Gelt*, 558 F.2d 1303, 1312 (8th Cir. 1977); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930–32 (5th Cir. 1976); *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 345–46 (6th Cir. 1976); *Washington v. Board of Education, School District 89, Cook County, Illinois*, 498 F.2d 11, 16 (7th Cir. 1974); *Salsbury v. United States*, 123, U.S.App.D.C. 69, 71, 356 F.2d 822, 824 (1966); *Aune v. Reynders*, 344 F.2d 835, 841 (10th Cir. 1965) (*contra, Norman, supra*, 422 F.2d 470). The district court's authority to consider and deny the motion without obtaining leave from the circuit court is based on the district court's continuing jurisdiction during an appeal to act in aid of the appeal. *Lairsey*, 542 F.2d at 930; *Hirsch*,

535 F.2d at 345 n.1. Adherence to this procedure appears to be the trend. 11 Wright & Miller, *Federal Practice & Procedure* § 2873 at 263–66 (1973).

We join with the latter mentioned circuits which do not require Rule 60(b) motions to be screened at the circuit level prior to their being filed in district court. We see several advantages to that approach. The district court, being familiar with the case, is in a far better position than is an appellate court to evaluate the motion's merits quickly. If the motion is frivolous, the district court will recognize this faster than we, and if it is not frivolous, there is no need for us to discover that fact first. Our tentative screening decision would be neither binding on the district court, to whom, after all, the motion is addressed, nor particularly instructive to it.[2]

It is true that initial circuit court screening might in some cases deter the utilization of Rule 60(b) motions as a means for appellate delay. A party might file such a motion hoping that a district court would not act promptly upon it, and that the circuit court would meanwhile entertain requests to hold the appeal in limbo while awaiting district court disposition. Such ploys can, however, be deterred otherwise than by required appellate screening of all such motions, a process which itself might engender delay. District courts, especially when the pendency of an appeal is brought to their attention, can be expected to act promptly on most 60(b) motions, particularly frivolous motions or those which raise issues the court has already considered. Appropriate sanctions can be imposed on parties whose motions serve no purpose except for delay. In our view, any benefits to be gained from pro forma appellate court screening are outweighed by the burdens.

---

**2.** Support for our decision to follow the "trend" can also be derived by analogy to the rule which allows 60(b) motions to be filed in the district court without leave from an appellate court that earlier affirmed the decision below. *Standard Oil Co. v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976). The Supreme Court reasoned that a proper 60(b) motion raises new matters not included or includable in the first appeal and the mandate of an affirming court is not a bar to considering properly presented new matters affecting the judgment. Our contrary holding in *Wilson Research Corp. v. Piolite Plastics Corp.*, 336 F.2d 303 (1st Cir. 1964), was overruled by *Standard Oil* and therefore does not affect our consideration of either the issue at bar or the question of 60(b) motions filed after issuance of appellate mandate.

■ Our rule is thus as follows: when an appeal is pending from a final judgment, parties may file Rule 60(b) motions directly in the district court without seeking prior leave from us. The district court is directed to review any such motions expeditiously, within a few days of their filing, and quickly deny those which appear to be without merit, bearing in mind that any delay in ruling could delay the pending appeal.[3] If the district court is inclined to grant the motion, it should issue a brief memorandum so indicating. Armed with this, movant may then request this court to remand the action so that the district court can vacate judgment and proceed with the action accordingly.

■ If appellate court due dates (e. g., for briefs) are nearing when the Rule 60(b) motion is filed in district court, movant may request this court, in its discretion, for a brief postponement of specific duration to allow the district court time to screen and, if warranted, deny the motion. Such requests must be accompanied by proof of the date on which the motion was filed in district court. The granting of any extension of time limits beyond the very limited one just mentioned will be contingent upon our being presented with a copy of a district court memorandum which states that the district court is inclined to grant the motion or else thinks the motion is non-frivolous and not capable of being fairly decided solely on the basis of the court's initial screening. *See* footnote 3, *supra.*

■ If the motion for relief from judgment is denied by the district court, and the denial appealed, we will entertain a request to consolidate that appeal with the pending appeal from final judgment where feasible.

■ We will also entertain requests for sanctions to be imposed upon the party who filed the motion to vacate if we find on appeal from the motion's denial that the motion was frivolous.

We have already entered an order consistent with the foregoing in the case at bar.

---

3. If the district court is unable conscientiously to dispose of the motion within a few days of its filing because it requires further argument, briefing, or the like, it should issue a brief memorandum to this effect. The memorandum should indicate that the motion is non-frivolous and not capable of being fairly decided solely on the basis of the court's initial screening and that the court will require a specified number of more days to complete its review and issue an order. If the district court needs portions of the record to review the motion adequately which, because of the pending appeal, are here, it may request those portions in the same memorandum. This memorandum will enable us to act intelligently on extension requests made in the appeal.