98 F.3d 1333
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Barry BROWN, Plaintiff, Appellant,
v.
CITY of Boston, et al., Defendants, Appellees.
 No. 96-1074.
 United States Court of Appeals, First Circuit.
 Oct. 15, 1996.
 
 Elliott Fine and Elliott Fine and Associates on brief for appellant.
 John M. Townsend, General Counsel, Joan T. Kennedy, Assistant General Counsel, Merita A. Hopkins, Corporation Counsel, and Kevin S. McDermott, Assistant Corporation Counsel, on brief for appellees.
 Before TORRUELLA, Chief Judge BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Upon careful review of the briefs and record, it clearly appears that this appeal presents no substantial question, and we perceive no reason to reverse the judgment from which plaintiff appeals.
 
 
 2
 Specifically, we agree with the district court that plaintiff's allegations of negligence were insufficient to state a federal claim. See Daniels v. Williams, 474 U.S. 327, 331-33 (1986) (no constitutional due process claim was stated against prison officials for "negligent failure to protect"); Manarite v. City of Springfield, 957 F.2d 953, 957-59 (1st Cir.) (dismissing § 1983 claims where police did not act with "deliberate indifference"), cert. denied, 506 U.S. 837 (1992). Even plaintiff's sketchy claim of harassment by the prison staff was grounded in the same insufficient allegations of negligence underlying the rest of his complaint. On that basis, the district court properly determined that defendants were entitled to judgment on any federal claims.
 
 
 3
 The district court also properly determined that it would not exercise pendent jurisdiction over any remaining state claims, once the federal claims were dismissed. See 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988) (district court has discretion to retain or dismiss the remaining state claims, upon consideration of factors such as comity, judicial economy, convenience, and fairness); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir.1996) (same). No abuse of that discretion is apparent here. Although plaintiff may have preferred a remand to the state court, in light of the tolling provision of 28 U.S.C. § 1367(d), he was not harmed by the dismissal. See Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1267 (D.C.Cir.1995) (§ 1367(d) tolls the state statute of limitations on any state claim over which a federal court has exercised supplemental jurisdiction until 30 days after its dismissal and thus reduces the concern that plaintiffs would lose their claims if their case were dismissed).
 
 
 4
 We note that, while this appeal was pending (and without following the procedure set forth in Puerto Rico v. SS Zoe Colocotroni, 601 F.2d 39, 42 (1st Cir.1979)), plaintiff asked the district court to vacate the judgment of dismissal and remand the case to the state court. Plaintiff apparently believed that the statute of limitations had expired on his dismissed state law claims and that he could not refile them in state court. By orders dated July 16, 1996, the district court granted plaintiff's motions and remanded the case. Defendants have moved for reconsideration or clarification of those orders, but the district court has not yet acted on that motion. In other words, the district court has purported to vacate the very judgment that is now before us on appeal.
 
 
 5
 For the purpose of this appeal, we consider the July 16, 1996, orders to be nullities. See Toscano v. Chandris, 934 F.2d 383, 387 (1st Cir.1991) (giving no effect to orders entered without compliance with the Colocotroni procedure; "[i]f courts did not demand that litigants recognize and respect jurisdictional borders, the judicial system would be adrift in a sea of competing decrees and duplicative proceedings"). Once our mandate issues, however, the district court may act on plaintiff's post-judgment motions and defendants' motion for reconsideration. Should either party desire to appeal from any such subsequent rulings, a separate notice of appeal must be filed.
 
 
 6
 The judgment appealed from is affirmed, and appellees' motion to be heard at oral argument is denied. See 1st Cir. Loc. R. 27.1.