USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1074 BARRY BROWN, Plaintiff, Appellant, v. CITY OF BOSTON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Elliott Fine and Elliott Fine and Associates on brief for _____________ ______________________________ appellant. John M. Townsend, General Counsel, Joan T. Kennedy, Assistant _________________ ________________ General Counsel, Merita A. Hopkins, Corporation Counsel, and Kevin S. _________________ ________ McDermott, Assistant Corporation Counsel, on brief for appellees. _________ ____________________ October 15, 1996 ____________________ Per Curiam. Upon careful review of the briefs and ___________ record, it clearly appears that this appeal presents no substantial question, and we perceive no reason to reverse the judgment from which plaintiff appeals.  Specifically, we agree with the district court that plaintiff's allegations of negligence were insufficient to state a federal claim. See Daniels v. Williams, 474 U.S. ___ _______ ________ 327, 331-33 (1986) (no constitutional due process claim was stated against prison officials for "negligent failure to protect"); Manarite v. City of Springfield, 957 F.2d 953, ________ ____________________ 957-59 (1st Cir.) (dismissing 1983 claims where police did not act with "deliberate indifference"), cert. denied, 506 ____________ U.S. 837 (1992). Even plaintiff's sketchy claim of harassment by the prison staff was grounded in the same insufficient allegations of negligence underlying the rest of his complaint. On that basis, the district court properly determined that defendants were entitled to judgment on any federal claims.  The district court also properly determined that it would not exercise pendent jurisdiction over any remaining state claims, once the federal claims were dismissed. See 28 ___ U.S.C. 1367(c)(3) (district court may decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); Carnegie-Mellon University v. Cohill, __________________________ ______ 484 U.S. 343, 350 (1988) (district court has discretion to retain or dismiss the remaining state claims, upon consideration of factors such as comity, judicial economy, convenience, and fairness); Roche v. John Hancock Mut. Life _____ _______________________ Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996) (same). No abuse ________ of that discretion is apparent here. Although plaintiff may have preferred a remand to the state court, in light of the tolling provision of 28 U.S.C. 1367(d), he was not harmed by the dismissal. See Edmondson & Gallagher v. Alban Towers ___ _____________________ ____________ Tenants Ass'n, 48 F.3d 1260, 1267 (D.C. Cir. 1995) ( 1367(d) _____________ tolls the state statute of limitations on any state claim over which a federal court has exercised supplemental jurisdiction until 30 days after its dismissal and thus reduces the concern that plaintiffs would lose their claims if their case were dismissed). We note that, while this appeal was pending (and without following the procedure set forth in Puerto Rico v. SS Zoe ___________ ______ Colocotroni, 601 F.2d 39, 42 (1st Cir. 1979)), plaintiff ___________ asked the district court to vacate the judgment of dismissal and remand the case to the state court. Plaintiff apparently believed that the statute of limitations had expired on his dismissed state law claims and that he could not refile them in state court. By orders dated July 16, 1996, the district court granted plaintiff's motions and remanded the case. Defendants have moved for reconsideration or clarification of those orders, but the district court has not yet acted on -3- that motion. In other words, the district court has purported to vacate the very judgment that is now before us on appeal. For the purpose of this appeal, we consider the July 16, 1996, orders to be nullities. See Toscano v. Chandris, 934 ___ _______ ________ F.2d 383, 387 (1st Cir. 1991) (giving no effect to orders entered without compliance with the Colocotroni procedure; ___________ "[i]f courts did not demand that litigants recognize and respect jurisdictional borders, the judicial system would be adrift in a sea of competing decrees and duplicative proceedings"). Once our mandate issues, however, the district court may act on plaintiff's post-judgment motions and defendants' motion for reconsideration. Should either party desire to appeal from any such subsequent rulings, a separate notice of appeal must be filed. The judgment appealed from is affirmed, and appellees' ________ motion to be heard at oral argument is denied. See 1st Cir. ______ ___ Loc. R. 27.1. -4-