USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1960 FRANCES A. ROGERS, Plaintiff, Appellee, v. MANAGEMENT TECHNOLOGY, INC., ET AL. Defendants, Appellees, ____________________ RICHARD CAVALLARO, Defendant, Appellant. ____________________ PETITION FOR WRIT OF MANDAMUS AND APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, District Judge] ______________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Jennifer H. Zacks, with whom Frank W. Hunger, Assistant Attorney _________________ _______________ General, Donald K. Stern, United States Attorney, and Barbara L. _______________ __________ Herwig, Attorney, Civil Division, U.S. Department of Justice, were on ______ brief for appellant, Richard Cavallaro. Paul A. Manoff for appellee Frances A. Rogers. ______________ ____________________ August 12, 1997 ____________________ CAMPBELL, Senior Circuit Judge. The United States ____________________ and its employee, Richard Cavallaro, appeal from the district court's order remanding a slander action brought against Cavallaro back to the Massachusetts state court. The slander action had earlier been removed to the federal court pursuant to the Attorney General's Westfall Act certification, which stated that Cavallaro had been acting within the scope of his federal employment at the time of the alleged slander incident. Appellants now complain that the district court, ignoring the Attorney General's certification, wrongly placed upon them the burden of establishing that Cavallaro was acting within the scope of his federal employment when committing the alleged tort. Appellants further complain of the absence of any express determination by the district court that Cavallaro had in fact been acting beyond the scope of his federal employment. We vacate and remand. I. Factual Background ______________________ The plaintiff, Frances A. Rogers, was employed by Management Technology Inc., a government contractor, until August 1993. At that time, Rogers was fired, allegedly for falsifying the records of the hours she had worked as a data entry help desk coordinator at Hanscom Air Force Base. Rogers then filed a state action in the Massachusetts superior court against, among others, Richard Cavallaro, a civil service employee of the United States Air Force. She -2- 2 asserted that following a dispute she had had with Cavallaro over a parking space, he had defamed her wrongfully telling her superiors that she had falsified her time cards causing the loss of her job. The United States Attorney, acting under the Westfall Act, certified that Cavallaro had been "acting within the scope of his office or employment at the time of the incident out of which the claim arose."1 28 U.S.C.  2679(d)(1). The government then removed the case to the federal district court and moved that the United States be substituted for Cavallaro as the party defendant, and that Cavallaro be dismissed, under 28 U.S.C. 2679(d)(2) and (b)(1).  At the same time, the government also moved separately for summary judgment, arguing that since the Westfall Act provides that a plaintiff's sole remedy against a federal employee for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. 2679(b)(1), is a suit against the United States under the Federal Tort Claims Act, and since  ____________________ 1. Although the statute designates the Attorney General as the person who makes the scope decision, the Attorney General has delegated this authority to the United States Attorneys.  See 28 C.F.R. 15.3(a). ___ -3- 3 the Federal Tort Claims Act provides no waiver of sovereign immunity for the types of claims asserted by Rogers, see 28 ___ U.S.C. 2680(h), Rogers had no remedy. The case was assigned initially to United States District Judge Harrington. On April 29, 1994, Judge Harrington ordered both parties to submit affidavits "delineating the duties and responsibilities of their employment . . . ." Whether because it was never received, as the government now contends, or for some other reason, neither party filed affidavits in compliance with this order.2 On May 16, 1994, the case was reassigned to United States District Judge Gertner. On September 16, 1994, Judge Gertner held a hearing on the government's motions for substitution of the United States as party defendant and dismissal of Cavallaro and for summary judgment against Rogers in her defamation action. On May 30, 1996, Judge Gertner denied all the government's motions, citing Cavallaro's failure to file an affidavit in compliance with the April 29, 1994 order and a lack of basis for concluding that Cavallaro was acting within the scope of his employment.  ____________________ 2. Rogers submitted an affidavit on May 2, 1994 that did not address the "duties and responsibilities" of either her employment or Cavallaro's. Rogers says she filed this affidavit in support of her opposition to the government's summary judgment motion, and not in response to Judge Harrington's order. -4- 4 Judge Gertner then remanded the case back to the Massachusetts state court. Without moving for reconsideration, the government filed this appeal.3 II. Review of the Scope Certification ______________________________________ The Westfall Act states that the scope certification by the Attorney General that a federal employee was acting within the scope of his or her employment when committing the alleged tort from which the claim arose "shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. 2679(d)(2) _______________________ (emphasis added). In Gutierrez de Martinez v. Lamagno, 115 _____________________ _______ S. Ct. 2227 (1995), the Supreme Court construed the Act so as to allow district courts to review the Attorney General's scope certificate relative to the matter of substitution of the United States as a party defendant. The Court wrote: Congress spoke in discrete sentences in  2679(d)(2) first of removal, then of substitution. Next, Congress made the  ____________________ 3. The government says that it did not file a motion for reconsideration under Fed. R. Civ. P. 60 because it "did not become aware of the district court's orders denying the United States' motion for substitution and remanding the case to state court until a few days before the deadline for filing a notice of appeal . . . ." Given the government's complaint that it was not notified of Judge Harrington's order to file affidavits, it would have been sensible to bring this matter to the district court's attention. The government's excuse that it did not learn of Judge Gertner's order rejecting its motion until shortly before the expiration of the time to appeal is not persuasive. It could have filed its notice of appeal first and then asked the district court to reconsider its order. See Puerto Rico v. ___ ___________ The SS Zoe Colocotroni, 601 F.2d 39, 42 (1st Cir. 1979). ______________________ -5- 5 Attorney General's certificate conclusive solely for purposes of removal, and notably not for purposes of substitution. It follows . . . that the scope-of- employment judgment determinative of substitution can and properly should be checked by the court, i.e., the Attorney ____ General's scarcely disinterested certification on that matter is by statute made the first, but not the final word. Id. at 2235.  ___ Gutierrez did not speak to the question of who has _________ the burden of proof on the scope issue, but our language in Nasuti v. Scannell, 906 F.2d 802 (1st Cir. 1990), indicates ______ ________ clearly that in situations such as this one, where a plaintiff asserts that a defendant acted outside the scope of his or her employment despite the Attorney General's certification to the contrary, the burden of proof is on the plaintiff. We wrote: The Attorney General can see to it, by making the certification, that the federal defendant's scope status is resolved by a federal, not a state tribunal; employee immunity will thus be protected, in keeping with the Westfall Act's purpose, except where the plaintiff __________________________ can convince a federal court that the _______________________________ government employee was acting outside the scope of his employment and, therefore, by definition, was not entitled to immunity from personal liability. Id. at 813 n.16 (emphasis added). See also Aversa v. United ___ ________ ______ ______ States, 99 F.3d 1200, 1209 (1st Cir. 1996). ______ -6- 6 Neither the Supreme Court nor our own en banc court has said anything to undermine the panel's conclusion in Nasuti that the plaintiff has the burden of proof in respect ______ to overturning the Attorney General's scope certification. The holding therefore remains binding in this circuit. See ___ Institut Pasteur v. Cambridge Biotech Corp., 104 F.3d 489, _________________ ________________________ 493 n.8 (1st Cir.), cert. denied, No. 96-1698, 1997 WL 219862 ____________ (U.S. June 27, 1997); Williams v. Ashland Engineering Co., ________ _________________________ Inc., 45 F.3d 588, 592 (1st Cir.), cert. denied, 116 S. Ct. ____ ____________ 51 (1995). Here, the district court explained its reasons for overturning the scope certification, rejecting the government's motions, and remanding to the state court, solely as follows: On April 29, 1994, this court issued an order requiring defendant Cavallaro to submit an affidavit delineating his duties and responsibilities with the Air Force. No such affidavit was received. This Court therefore has no basis for concluding that Cavallaro was acting within the scope of his employment when he made the allegedly defamatory remarks. The district court's language that without the government's affidavit it had no basis for concluding that Cavallaro was acting within the scope of his employment  ignored the Attorney General's existing scope certification and improperly placed upon the defendant the burden of establishing anew that he had acted within the scope of his federal employment. -7- 7 In Nasuti, as the government points out, this court ______ further held that it is illegal for the district court, when _______ confronted with an outstanding scope certification, to remand to the state court unless it makes "an express determination of its own that defendant, when he allegedly injured plaintiff, was acting beyond the scope of his federal employment." Nasuti, 906 F.2d at 808. The district court ______ made no such express scope determination here, pointing instead merely to Cavallaro's failure to have produced an affidavit delineating his Air Force duties and responsibilities. It is far from clear that such an affidavit would have resolved the scope issue as framed by Rogers, namely, that Cavallaro was motivated by personal animosity stemming from a parking space dispute when he told Plaintiff's superiors that she had falsified her time records. In any case, the district court's reference to the missing affidavit delineating duties and responsibilities fell short of Nasuti's requirement that the court ______ affirmatively make an express determination of its own that Defendant was acting beyond the scope of his employment when he injured the plaintiff. We do not say, of course, that the express determination of scope called for in Nasuti may not be made ______ in the context of a summary judgment type proceeding, assuming there is no issue of disputed fact requiring an -8- 8 evidentiary hearing. But Rogers never moved for summary judgment on the scope issue. Nor did the district court ever determine on the basis of uncontested facts in the record that Cavallaro had acted outside the scope of his federal employment. This is not a situation where it might be thought that the district court had validly granted summary judgment to a non-requesting party. See National Expositions, Inc. v. ___ __________________________ Crowley Maritime Corp., 824 F.2d 131, 133 (1st Cir. 1987) ______________________ ("[A] district court has the legal power to render 'summary judgment . . . in favor' of the party opposing a summary judgment motion 'even though he has made no formal cross- motion under rule 56.'") (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 2720, at 29-30 (1st ______________________________ ed. 1983)). The major limitation on this rule is that "'the losing party' must be 'on notice that she had to come forward with all of her evidence.'" Id. (quoting Celotex Corp. v. ___ ______________ Catrett, 477 U.S. 317 (1986)). In order to be "on notice," _______ the original movant must have "'had an adequate opportunity ________________________ to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law.'" Id. ___ (quoting 10A C. Wright, A. Miller & M. Kane, supra, 2720, _____ at 34) (emphasis added by cited case).  Here it cannot be said that Cavallaro understood he was on notice that he had to produce all his scope evidence -9- 9 or else face summary judgment against him. It is true that he was ordered by Judge Harrington to produce affidavits delineating his duties and responsibilities. But even had Cavallaro complied, such an affidavit would not have addressed Rogers' argument that Cavallaro's conduct was outside the scope of his federal duties because it was based on personal spite. Rogers herself, in her opposition to the government's summary judgment motion, stated, "There is insufficient evidence in the record presently, for the court to make [the scope] determination." Rogers argued that she needed to take three depositions before enough evidence would exist. In these confusing circumstances, we do not believe the defendants were on notice they had to come forward with all their evidence on scope, on peril of suffering summary judgment on that issue in favor of the non-moving plaintiff. Indeed, although we need not decide the point, it seems unclear whether the facts stated in Cavallaro's affidavit (treating them, arguendo, as uncontested) provided a sufficient basis for a scope determination under Massachusetts law against Cavallaro and the government. See ___ Wang Laboratories, Inc. v. Business Incentives, Inc., 501 ________________________ __________________________ N.E.2d 1163, 1166 (Mass. 1986) ("The fact that the predominant motive of the agent is to benefit himself does not prevent the act from coming within the scope of -10- 10 employment as long as the act is otherwise within the purview of his authority.").  We hold, therefore, that the district court lacked an adequate basis in the present record and on the procedures conducted to date for awarding a judgment on the scope issue in Plaintiff's favor. Nor can the district court's ruling be upheld as tantamount to the entry of a default judgment against Cavallaro and the government designed to discipline them for their failure to file the affidavit ordered by Judge Harrington. The court's order denying the government's motions for dismissal of Cavallaro as a party defendant and for substitution of the United States, and for summary judgment, does not contain either the word "default" or a citation to Fed. R. Civ. P. 55, which sets forth the procedure for issuing a judgment by default.4 Nor was that procedure followed. Rogers did not move for a default judgment; written notice of an application for default judgment was not served; and no hearing was held on the matter of a default judgment. See Fed. R. Civ. P. 55(b). ___  ____________________ 4. Fed. R. Civ. P. 55(b)(2) states, in relevant part: [T]he party entitled to a judgment by default shall apply to the court therefor . . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. -11- 11 Rogers argues that we lack jurisdiction to review the district court's remand order through a writ of mandamus. Just as in Nasuti, however, the district court's failure to ______ make an express finding that Cavallaro was acting outside the scope of his employment left the Attorney General's scope certification intact. As we wrote: [S]o long as the Attorney General's certificate is validly in effect, [the defendant] must be deemed conclusively, for removal purposes, to have been acting within the scope of his employment, and ___ is thus absolutely immune from any civil _________________________________________ action or proceeding for money damages. ________________________________________ The district court's current order remanding to the state court is, therefore, totally unauthorized, being contrary to Congress's mandate that the Attorney General's scope certification be conclusive. Nasuti, 906 F.2d at 809-10 (footnote omitted). Accordingly, ______ mandamus is appropriate in this case as it was in Nasuti. ______ "At least where, as here, remand was on grounds inextricably mixed with the scope of employment issue, and was plainly barred by the scope certification, we believe mandamus is appropriate . . . ." Id. at 812 n.15.5 ___  ____________________ 5. The district court's order may also be reviewable on direct appeal. See Nasuti, 906 F.2d at 812 n.15; Flohr v. ___ ______ _____ Mackovjak, 84 F.3d 386, 389 (11th Cir. 1996); Kimbro v. _________ ______ Velten, 30 F.3d 1501, 1503 (D.C. Cir. 1994), cert. denied, ______ ____________ 115 S. Ct. 2584 (1995); Jamison v. Wiley, 14 F.3d 222, 233 _______ _____ (4th cir. 1994); Aliota v. Graham, 984 F.2d 1350, 1353 (3d ______ ______ Cir.), cert. denied, 510 U.S. 817 (1993); Mitchell v. ____________ ________ Carlson, 896 F.2d 128, 132-33 (5th Cir. 1990). _______ -12- 12 We therefore vacate the district court's order denying the government's motions for substitution and summary judgment and remanding the case to state court. We remand to the district court for an express determination as to whether Cavallaro was acting within the scope of his duties when he allegedly injured Rogers. Just as in Nasuti, "As we are ______ confident that the district court and the parties will comply with our orders in this regard, we see no need to issue an actual writ of mandamus at this time." Id. at 814. ___ Vacated and remanded. ____________________ -13- 13